**W. A. GREEN COMPANY, Petitioner,**

v.

**Mitchell C. COPE et ux., Respondents.**

**No. 17600.**

Court of Civil Appeals of Texas, Dallas.

April 16, 1971.

Rehearing Denied May 7, 1971.

James C. Allums, Jr., C. Edward Fowler, Jr., Bailey, Williams, Weber & Allums, Dallas, for appellant.

E. Karl Anderson, Daugherty, Bruner, Lastelick & Anderson, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Alleging that the record demonstrates absence of valid service, petitioner, by writ of error, seeks reversal of a default judgment rendered in the court below. In their original petition respondents alleged that "The Defendant, W. A. Green Company, was at the time of the origin of this cause of action a private corporation duly existing under the laws of the State of Texas with a permit to do business in Texas, with its registered agent for service being William D. Johnson, 807 South Oak Cliff Shopping Center, Dallas, Dallas County, Texas, where service of process may be delivered. Plaintiffs would further show that W. A. Green Company, Defendant corporation, was voluntarily dissolved on October 21, 1966, and that this cause of action is brought against W. A. Green Company, Defendant, under the provisions of Art. 7.12 of the Texas Business Corporation Act [V.A.T.S.]." Citation was issued by the Clerk of the District Court of Dallas County, Texas to be served upon W. A. Green Company, defendant, by serving the Secretary of State of Texas at Austin, Texas. The return on the citation cites that on February 9, 1968, service was had on "W. A. GREEN COMPANY by delivering to John L. Hill, Secretary of State of Texas as agent for service."

Judgment by default was rendered in which it was recited that "though duly served with process herein, Defendant, W. A. GREEN COMPANY, failed to appear or to file a written answer in its behalf, but was wholly and totally in default, * * *."

W. A. Green Company did not file an answer and did not participate either in person or by attorney in the trial in which default judgment was rendered.

■ To support a default judgment against a corporation the record must affirmatively reveal a strict compliance with the statute in regard to service of citation. Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.) ; United States Leasing Corp. v. Centennial Liquor Stores, Inc., 368 S.W.2d 951 (Tex.Civ.App., Dallas 1963, no writ) ; Ponca Wholesale Mercantile Company v. Alley, 378 S.W.2d 129 (Tex.Civ.App., Amarillo 1964, writ ref'd n. r. e.). Where a direct attack is made upon a default judgment there is no presumption of due service of citation. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935) ; Kay's Jewelers v. Sikes Senter Corporation, 444 S.W.2d 219 (Tex.Civ.App., Fort Worth 1969, no writ).

Respondents' suit was expressly brought against W. A. Green Company, a dissolved corporation, under the provisions of Article 7.12 of the Texas Business Corporation Act. This article provides for survival of remedy after dissolution of corporation. In the comment by the Bar Committee immediately following Article 7.12 is found the following:

"This Article is cumulative of the provisions of Rules 29 and 160, Texas Rules of Civil Procedure. Rule 29 (formerly Tex.R.C.S. (1925), Article 1391) allows a suit to be instituted against a dissolved corporation as though it had not been dissolved, and provides for service of process; * * *."

Rule 29, Vernon's Texas Rules of Civil Procedure, expressly provides that in a suit against a corporation which has been dissolved service of process may be obtained on the president, directors, general manager, trustee, assignee, or other person in charge of the affairs of the corporation at the time it was dissolved.

■ On the face of the record it is apparent that instead of causing service to be rendered upon one of the persons expressly named in Rule 29, T.R.C.P., that process was attempted to be had on the Secretary of State at Austin, Texas.

Article 2.10 of the Texas Business Corporation Act provides for appointment of registered agents for service of corporations. Article 2.11, subd. B provides that whenever a corporation shall fail to appoint or maintain a registered agent in this state, or whenever its agent cannot be with reasonable diligence found at the registered office, then the Secretary of State shall be agent for such corporation upon whom any such process, notice or demand may be served. We find nothing in this record to invoke the application or the provisions of Article 2.11. Respondents' petition was never amended to allege facts which would authorize service on the Secretary of State.

Proper service not being shown on the face of this record the judgment cannot stand.

The judgment of the trial court is reversed and the cause remanded.