**HANOVER MODULAR HOMES OF TAFT, INC., Appellant,**

v.

**CORPUS CHRISTI BANK & TRUST, Appellee.**

**No. 677.**

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 27, 1972.

Schenk & Wesbrooks, Milton E. Douglass, Jr., Wichita Falls, for appellant.

Wood, Boykin & Wolter, Robert C. Wolter, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal by the defendant, Hanover Modular Homes of Taft, Inc., from a default judgment entered against it by a District Court of Nueces County, Texas. We reverse and remand.

On January 5, 1971, Corpus Christi Bank and Trust, as plaintiff, filed suit against Hanover Modular Homes of Taft, Inc., as defendant, alleging that plaintiff was the owner and holder of a promissory note executed by the defendant payable to its order, and that the note was past due and unpaid. On March 23, 1971, a default judgment was entered against defendant for the full amount of the note, plus interest, attorney's fees and costs. Defendant had not filed an answer, nor had it waived service of process, nor had it made an appearance at the time judgment was entered. Defendant's motion for new trial was overruled.

Appellee's petition alleged that "the defendant Hanover Modular Homes of Taft, Inc. is a business corporation having its principal place of business in Taft, San Patricio County, Texas". The record is silent as to whether it is a "domestic" or "foreign" corporation.

The judgment recites " . . . but the defendant, Hanover Modular Homes of Taft, Inc., although having been duly cited to appear and answer herein in the matter and for the length of time required by law, came not but wholly made default. . . . "

The record is composed of a transcript and a supplemental transcript. There is no statement of facts. There are no findings of fact or conclusions of law in the record.

■ Appellant has timely perfected its appeal to this Court. By its first two points of error, appellant questions the jurisdiction of the trial court to render a valid judgment against it on the ground that the jurisdiction of the trial court over the person of appellant does not appear on the face of the record. Under this direct attack, the judgment must be reversed unless jurisdiction does so appear. McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup.1965).

Appellant asserts that it was never served with citation. Appellee argues to the contrary and contends that valid service of process on appellant was accomplished by serving the Secretary of State, as authorized by Article 2.11, subdivision B, Texas Business Corporation Act, V.A.T.S.

■ Ordinarily, presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites) but no such presumptions are made in a direct attack upon a default judgment. McKanna v. Edgar, supra; Kay's Jewelers, Inc. v. Sikes Senter Corporation, 444 S.W.2d 219 (Tex.Civ.App.—Ft. Worth 1969, n. w. h.); T-P Investment Corporation v. Winter, 400 S.W. 2d 957 (Tex.Civ.App.—Waco 1966, writ dism'd).

In Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (Tex.Com.App.1935, opinion adopted), it is said:

"On an appeal from a default judgment the record must show an appearance by the defendant or due service of citation independent of the recitals in the judgment. . . . "

■ The law is well settled that in order to uphold a default judgment against attack based upon a claim of invalid service of process, it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service of process. Anglo Mexicana de Seguros, S. A. v. Elizondo, 405 S.W.2d 722 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); Ponca Wholesale Mercantile Company v. Alley, 378 S.W.2d 129 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.); Investors Diversified Services, Inc. v. Bruner, 366 S.W.2d 810 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.).

■ Whether the person served was in fact the agent for service of process must be affirmatively established by evidence before a default judgment can be sustained. The pleadings, recitals in the citation, and statements contained in the officer's return are not, in themselves alone, sufficient to establish this requirement. Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); White Motor Company v. Loden, 373 S.W.2d 863 (Tex.Civ.App.—Dallas 1964, n. w. h.); Anglo Mexicana de Seguros, S. A. v. Elizondo, supra.

■ It has long been the rule that a sheriff's return will not support a default judgment unless it shows "the manner of service". Peoples Funeral Service, Inc. v. Mallard, 337 S.W.2d 476 (Tex.Civ.App.—San Antonio 1960, writ ref'd); Diamond Chemical Co. v. Sonoco Products Co., 437 S.W.2d 307 (Tex.Civ.App.—Corpus Christi 1968, n. w. h.); Watson Van & Storage Company v. Busse, 451 S.W.2d 557 (Tex. Civ.App.—Houston 1st 1970, n. w. h.); Hyltin-Manor Funeral Home, Inc. v. Hill, 304 S.W.2d 469 (Tex.Civ.App.—San Antonio 1957, n. w. h.).

■ It is equally well established that no presumption will be indulged to aid the

sheriff's return in order to support a default judgment. Tullis v. Scott, 38 Tex. 537, 538, (1873); Roberts v. Stockslager, 4 Tex. 307 (1849); Grapevine Trucking, Inc. v. Shepherd, 366 S.W.2d 950 (Tex.Civ.App.—Ft. Worth 1963, writ ref'd n. r. e.); Woodall v. Lansford, 254 S.W.2d 540, 543 (Tex.Civ.App.—Ft. Worth 1953, n. w. h.).

In this case, citation was issued on February 3, 1971, addressed to "Hanover Modular Homes of Taft, Inc.". No instructions or directions are contained in the citation as to whether it is to be served upon the president, a vice president or the registered agent of appellant. The sheriff's return indicates that an attempt was made to serve D. W. Ware, for under the word "NAME" in the return appears the phrase "Hanover Modular Homes of Taft, Inc. by serving D. W. Ware agent for service". The citation was returned unserved on February 9, 1971, with the notation "D. W. Ware could not be located" endorsed thereon. No other citation appears in the record.

On February 27, 1971, a Certificate from the Secretary of State was filed in the trial court certifying that two copies of the citation issued out of the District Court of Nueces County, Texas, in the then pending suit between appellee and appellant "were delivered upon the Secretary of State of the State of Texas, February 16, 1971 and that a copy was forwarded on February 22, 1971 by Certified Mail, Return Receipt Requested to Hanover Modular Homes of Taft, Inc., c/o Mr. Ruble Langston, 1000 West University Drive, P. O. Box BG, College Station, Texas 77840, in accordance with the provisions of Article 2.11b, Texas Business Corporation Act".

In summary, on March 23, 1971, when the default judgment was entered, the record consisted of (1) appellee's original petition, (2) the promissory note executed by appellant, (3) citation issued on February 3, 1971 and returned unserved on February 9, 1971, and (4) the Certificate from the Secretary of State, above mentioned.

It was on that record that the trial court granted a default judgment against appellant.

On the face of the record, it is apparent that instead of serving appellant's president, one of its vice presidents, or its registered agent, appellee attempted to serve the Secretary of State as appellant's agent. Appellee's petition does not name the president or any vice president of appellant. There is no allegation contained in appellee's petition that appellant failed to appoint or maintain a registered agent in this State, that its registered agent cannot with reasonable diligence be found at its registered office, or that D. W. Ware is the registered agent of appellant, even though the recitation in the return of the unserved citation "Hanover Modular Homes of Taft, Inc. by serving D. W. Ware agent for service" may imply that Ware was its registered agent. Neither is there any affirmative showing independent of the petition, citation, return of citation, and Certificate from the Secretary of State, that D. W. Ware, or any other person, was appellant's registered agent. There has not been a strict compliance with the statute. We find nothing in this record to invoke the application of Article 2.11, Texas Business Corporation Act. There are no allegations in appellee's pleading or evidence from any other source which would authorize service of process on the Texas Secretary of State as agent for the appellant corporation. Bankers Life and Casualty Company v. Watson, 436 S.W.2d 404 (Tex.Civ.App.—Tyler 1968, writ ref'd n. r. e.); W. A. Green Company v. Cope, 466 S.W.2d 860 (Tex.Civ.App.—Dallas 1971, n. w. h.); Harris v. Hayles, 433 S.W.2d 250 (Tex.Civ.App.—Texarkana 1968, n. w. h.); Sharp & Dohme v. Waybourne, 74 S.W.2d 413 (Tex.Civ.App.—Amarillo 1934, n. w. h.).

Even if we were to hold (which we do not) that service of citation upon the Secretary of State as appellant's agent for service was authorized, the record does not show a valid issuance of citation upon

the Secretary of State, nor does it reveal any return of any such service. There has been no compliance with Rules 101 and 107, Texas Rules of Civil Procedure.

The record before us does not contain a copy of the actual citation and return that was issued out of the District Court of Nueces County, Texas and served on the Secretary of State. We, therefore, are unable to determine whether any such citation was in conformity with the provisions of Rule 101, T.R.C.P. We cannot determine whether the officer's return thereof was sufficient when tested by Rule 107, T.R.C.P. We are unable to ascertain whether the citation served on the Secretary of State, if returned, remained on file with the District Clerk of Nueces County, Texas for the prescribed period of ten (10) days.

Moreover, we cannot say that the requirements of Article 2.11, subdivision B, Texas Business Corporation Act, were met. There is nothing in the record to show that the duplicate copies of the citation were delivered either to the Secretary of State, or to the Assistant Secretary of State, or to a clerk having charge of the corporation department in the Secretary of State's office, as required by the statute. They could have been delivered to some unauthorized person. We cannot determine if any service so had on the Secretary of State was returned to the District Clerk of Nueces County, Texas within thirty (30) days, as provided by the statute.

The recitals and statements found in the Certificate by the Secretary of State do not establish the fact or valid issuance and return of citation on appellant. They are nothing more than conclusions. The Certificate does no more than state that two copies of citation were delivered upon the Secretary of State, and that a copy was forwarded to appellant at the stated address. No mention is made of the addressee of the citation, in what capacity the Secretary of State was served, the name and title of the person upon whom actual service was made, whether the citations were accompanied by copies of appellee's petition, or anything pertaining to the manner of service. The Certificate is not acceptable as proof that service upon the Secretary of State is authorized in this case, or that such service, even if authorized, showed a compliance with Rules 101 and 107, T.R.C.P. Not having a copy of the actual citation that was served on the Secretary of State together with the officer's return thereof before us for examination, we are unable to decide whether the issuance of the citation, or the officer's return thereof, complied with the requirements Rules 101 and 107, T.R.C.P. We cannot presume that there has been a compliance with the rules in this, a default judgment, case.

The provisions of our Rules of Civil Procedure relating to the issuance, service and return of process are generally regarded as mandatory, and failure to comply with such rules render the attempted service thereunder void and of no effect. Lemothe v. Cimbalista, 236 S.W.2d 681 (Tex.Civ.App.—San Antonio 1951, writ ref'd); Nichols v. Wheeler, 304 S.W.2d 229 (Tex.Civ.App.—Austin 1957, writ ref'd n. r. e.). As appellant neither filed a waiver of service of process nor made an appearance in the trial court prior to rendition of judgment, it was incumbent on appellee to show that the trial court acquired jurisdiction of the person of appellant by means of lawful issuance of citation, service and return thereof. This it failed to do.

Independent of the recitals set out in the judgment in this case, the face of the record does not show that substitute service of citation on the Texas Secretary of State was either authorized by Article 2.11, subdivision B, Texas Business Corporation Act, or perfected under Rules 101 and 107, T.R.C.P. Appellant's first and second points are sustained.

**102**

In view of our holding in this case, it is not necessary to discuss appellant's remaining point.

 The question concerning the service of citation will not be present at the retrial of this case, because appellant, by prosecuting this appeal, has entered its appearance, not only in this Court, but for further proceedings in the trial court as well. Rule 123, T.R.C.P.; McKanna v. Edgar, supra; Bonanza, Inc. v. Lee, 337 S.W.2d 437, 440 (Tex.Civ.App.—Dallas 1960, n. w. h.).

The judgment of the trial court is reversed and set aside, and the cause is remanded for a new trial.