CHARLES COHEN, INC., Appellant,

v.

Lloyd ADAMS, Appellee.

No. 788.

Court of Civil Appeals of Texas,
Tyler.

Oct. 31, 1974.

Thompson, Knight, Simmons & Bullion, Emily A. Parker, Dallas, for appellant.

Law Office of Charles H. Clark, Alvin N. Flynn, Tyler, for appellee.

PER CURIAM.

This is an appeal through writ of error by defendant,[1] Charles Cohen, Inc., from a default judgment entered against it by a District Court of Denton County, Texas. We reverse and remand.

On May 3, 1973, Lloyd Adams, plaintiff, sued Charles Cohen, Inc., to recover for bodily injury and property damage which resulted from an automobile accident allegedly caused by the negligence of the defendant in the installation and maintenance of barricades surrounding highway construction. Plaintiff alleged that a collision between plaintiff's car and that of a third party was caused by the negligence of Defendant Cohen, Inc., resulting in total damages to plaintiff of $5,700.00. In his petition plaintiff alleged that "Defendant CHARLES COHEN, INC., is a Texas corporation and its agent for service is Charles Cohen who may be served at 500 National Bank Building, Marshall, Texas 75670."

Citation was issued on May 3, 1973, to Harrison County and it was returned unserved with a notation by a deputy sheriff that Cohen had moved to Dallas. On May 7th, a second citation was directed to Cohen by serving the Secretary of State of Texas who then issued a certificate reciting that a copy of the citation was forwarded by mail to Cohen at the Marshall address. The certificate recites that this second citation was also returned by the postal service marked "moved, not forwardable."

On November 15th, default judgment was entered against Charles Cohen, Inc., in the sum of $4,200.00, the judgment reciting that "though duly served with process, the said Defendant, as at all times heretofore, failed to appear, but wholly made default." The judgment became final thirty days after its entry without coming to the knowledge of defendant.

Defendant seeks relief through a writ of error and in two points of error directly attacks the validity of the default judgment by attacking the substituted service of process upon the Secretary of State and the lack of strict compliance with Art. 2.-11, Texas Business Corporation Act., V.A. T.S.

In order to uphold a default judgment against attack based upon a claim of invalid service of process, it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service of process. Crawford v. Brown, 507 S.W.2d 574 (Tex.Civ.App.–Beaumont, 1974, no writ); Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust, 476 S.W.2d 97 (Tex.Civ.App.–Corpus Christi, 1972, no writ); Anglo Mexicana de Seguros, S. A. v. Elizondo, 405 S.W.2d 722 (Tex.Civ. App.–Corpus Christi, 1966, n. r. e.); Ponca Wholesale Mercantile Co. v. Alley, 378 S. W.2d 129 (Tex.Civ.App.–Amarillo, 1964, n. r. e.). Ordinarily, there is a presumption in support of a judgment, including a presumption of due service of citation when the judgment so recites, but no such presumption is indulged when there is a direct attack made upon a default judgment. McKanna v. Edgar, 388 S.W.2d 927 (Tex. 1965); Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust, supra.

The manner of service of process to be used when serving a resident corporation is

---

1. Parties are designated as in the trial court.

set forth in Art. 2.11, Texas Business Corporation Act:

"A. The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

"B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served * * *."

Therefore, in order for the method of service used in this case to be in strict compliance with Art. 2.11, the record must show on its face that reasonable diligence was exercised in seeking service upon the president, a vice president, or the registered agent of Charles Cohen, Inc., at the registered office of Charles Cohen, Inc.

In this case, the original citation of May 3, 1973, was addressed to "Charles Cohen, Inc., by serving Charles Cohen at 500 National Bank Building, Marshall, Texas 75670." No instructions or directions are contained in the citation as to whether the person to be served is president, vice president, or the registered agent of the corporation. On May 7th, the second citation was issued to "Charles Cohen, Inc. by serving Sec. of State of Texas." This citation was returned stating that service had been obtained "by delivering to Mark W White, Jr., Secretary of State of Texas as agent for service." On October 26, 1973, a certificate from the Secretary of State was filed in the trial court certifying that two copies of the citation issued out of the District Clerk's office of Denton County, Texas, were served upon the Secretary of State July 12, 1973, and that a copy was forwarded July 24, 1973, by certified mail, return receipt requested, to Mr. Charles Cohen, at the Marshall address, in accordance with the provision of Art. 2031b, Vernon's Ann.Tex.Civ.St.

■ On the face of the record, it is apparent that instead of serving defendant's president, vice president, or its registered agent, plaintiff attempted to serve the Secretary of State. Neither plaintiff's petition nor any evidence presented in the record indicates that Charles Cohen is either the president, vice president or the registered agent for Cohen, Inc. The plaintiff's petition merely refers to Charles Cohen as the "agent for service." In United States Leasing Corp. v. Centennial Liquor Stores, Inc., 368 S.W.2d 951 (Tex.Civ.App.–Dallas, 1963, n. w. h.), the Court emphasized the requirement of Art. 2.11 that service be on the "registered agent" and held plaintiff's petition in that case to be insufficient when it referred to the "authorized agent." Further, there is no allegation in the plaintiff's petition that the Marshall address is the registered office of defendant. Similarly, there is nothing in the record to indicate that Charles Cohen, or any other person, was the registered agent for defendant. On the face of the record, it is apparent that there has not been strict compliance with Sec. A of Art. 2.11, Texas Business Corporation Act., V.A.T.S.

■ Just as there are no allegations in plaintiff's pleading or evidence from any other source which would authorize service of process on the officers listed in Sec. A of Art. 2.11, there are likewise no allegations or evidence which authorizes service of process on the Texas Secretary of State as agent for the defendant corporation. There are no indications in the record that the defendant failed to appoint or maintain a registered agent in this State or that its registered agent cannot be found through reasonable diligence at its registered office. Plaintiff's petition was never amended to allege facts which would authorize service on the Secretary of State. W. A. Green

Co. v. Cope, 466 S.W.2d 860 (Tex.Civ. App.–Dallas, 1971, no writ).

 Furthermore, even if it could be held that service on the Secretary of State was authorized, the recitals and statements found in the certificate by the Secretary of State do not establish the fact of valid issuance and return of citation on defendant. These statements are conclusions. Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust, supra. The certificate merely recites that two copies were delivered upon the Secretary of State, and that a copy was forwarded to defendant at the stated Marshall address. The Marshall address is not referred to as the registered office of defendant. The fact that Art. 2.-11 requires the Secretary of State to forward a copy of the citation to the registered office of the corporation will not support a presumption that Charles Cohen is the registered agent or that the address in Marshall is the registered office since there is no presumption of due process of service in a direct attack on a default judgment. McKanna v. Edgar, supra; W. A. Green Co. v. Cope, supra. Moreover, the certificate recites that the citation was served "in accordance with the provisions of Article 2031b, Vernon's Annotated Civil Statutes of Texas." Art. 2031b provides for service of citation upon non-residents and foreign corporations. There is no question here but that defendant is a Texas corporation. This was recognized by plaintiff in his petition when he referred to defendant as a "Texas corporation."

Because defendant neither filed a waiver of service of process nor made an appearance in the trial court prior to the rendition of judgment, it was necessary for plaintiff to show that the trial court acquired jurisdiction of the defendant by means of a lawful issuance of citation, service and return thereof. This plaintiff failed to do. Hanover Modular Homes of Taft v. Corpus Christi Bank & Trust, supra. Independent of the recitals set out in the judgment, the face of the record does not show that substitute service of citation on Texas Secretary of State was authorized by Art. 2.11 of Texas Business Corporation Act. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (Tex.Comm. App., 1935, opinion adopted). Defendant-Appellant's points are sustained.

Judgment of the trial court is reversed and the cause is remanded for trial.