TRAVIS BUILDERS, INC., Appellant,

v.

Buddy GRAVES, Appellee.

No. 1254.

Court of Civil Appeals of Texas, Tyler.

May 31, 1979.

Thomas M. Booker, Salmanson, Smith & Mouer, Austin, for appellant.

Law Offices of James H. Arnold, Jr., Austin, for appellee.

McKAY, Justice.

This appeal is a petition for writ of error to set aside a default judgment rendered against appellant.

Appellee brought suit against Travis Builders, Inc. (alleging it to be a Texas corporation) and Earl Wiley, alleging a constitutional mechanics' and materialmen's lien for plumbing materials and labor furnished on a new residence building, with an alternative plea for judgment on a contract. Alias citation was issued for Travis Builders, Inc., appellant, directing that service be made upon appellant by serving the Secretary of State, and the officer's return shows that appellant was served "by serving the Secretary of State, Coco Casarez, Secretary" on January 24, 1978. Default judgment was rendered for appellee on March 8, 1978, for $1,245.49 plus $500.00 attorney's fee, and the constitutional mechanics' and materialmen's lien was ordered foreclosed.

The original citation in the record is endorsed on the officer's return "Return by order of plaintiff" and dated "1–19–78." There is also in the record an affidavit by Larry G. Morgan, Deputy Constable, stating that citation for service on appellant was issued on December 28, 1977, and delivered to him on December 29, 1977, and further stating that he had personal knowledge that Earl Wiley, registered agent for service of process of appellant, no longer was present at 421 Eagle Street, Lakeway, Texas, and by use of reasonable diligence he had been unable to locate or find him "at that registered office." The affidavit was dated January 19, 1978.

Apparently based upon the constable's affidavit an alias citation was issued for appellant which directed that it be served on appellant by serving the Secretary of State. The officer's return on this citation, dated January 24, 1978, reads "by delivering to the within named Travis Builders, Inc., by serving the Secretary of State, Coco Casarez, Secretary . . .."

There is also in the record a certificate by the Secretary of State stating that two copies of the citation and petition were served upon the Secretary of State on January 25, 1978.

"by delivering to and leaving said copies with John F. Pettit, the Assistant Secretary of State, and that a copy was forwarded on January 25, 1978, by Certified Mail, return receipt requested, to Travis Builders, Inc., ATTN: Mr. J. Earl Wiley, Registered Agent, 421 Eagle Street, Lakeway, Travis County, Texas, in accordance with the provisions of Article 2.11, Texas Business Corporation Act, Vernon's Annotated Civil Statutes of Texas. The citation was returned to this office on January 31, 1978, bearing the notation 'moved, not forwardable.'"

Appellant brings six points of error contending that the trial court erred in rendering default judgment against it because (1) appellee's pleadings fail to allege an address of the registered office of appellant corporation; (2) appellee's pleadings fail to allege that appellant's registered agent could not with reasonable diligence be found at the registered office; (3) the return of the orig-

inal citation fails to show on its face the diligence used by the officer who attempted to serve it; (4) the officer's affidavit in support of service of citation upon the Secretary of State is conclusory and fails to allege facts from which the conclusion of the officer's use of reasonable diligence to serve the citation could be inferred; (5) the record fails to affirmatively show that substitute citation was served on a person authorized by statute to accept such service of citation; and (6) the record fails to affirmatively show service of duplicate copies of the citation with petition attached.

Since this appeal by writ of error constitutes a direct attack on the default judgment, the question presented is whether there is a lack of jurisdiction apparent on the face of the record which would invalidate the judgment of the trial court. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). Under this direct attack the judgment must be reversed unless jurisdiction does so appear on the face of the record. *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, 476 S.W.2d 97, 99 (Tex.Civ.App.-Corpus Christi 1972, no writ).

It is essential that it be affirmatively shown in the record that there was a strict compliance with the provided manner and mode of service, and it must be affirmatively established that the person served was in fact the agent for service of process before a default judgment can be sustained. *Anglo Mexicana de Seguros, S.A. v. Elizondo*, 405 S.W.2d 722, 725 (Tex.Civ.App.-Corpus Christi 1966, writ ref'd n. r. e.); *W. A. Green Co. v. Cope*, 466 S.W.2d 860, 861 (Tex.Civ.App.-Dallas 1971, no writ); *Hanover Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, supra; *Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464, 465 (Tex.Civ.App.-Tyler 1974, no writ).

As a rule presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), but no such presumptions are made in a direct attack upon a default judgment. *McKanna v. Edgar*, supra, at 929.

Article 2.11, Section B, provides that when a registered agent of a corporation "cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served," and that service on the Secretary of State "shall be made by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice or demand. . . ."

The Secretary of State, under the provisions of Art. 2.11, Section B, is required to forward such process by registered mail to the registered office of the resident corporation, but the fact that such article requires the Secretary of State to perform such duties will not support a presumption that a specified person is the registered agent or that a specified address is the registered office where a direct attack is made on a default judgment; and in order for the method of service used here to be in strict compliance with Art. 2.11, the record must show on its face that reasonable diligence was exercised in seeking service upon the president, vice-president or the registered agent of appellant at its registered office. *Charles Cohen, Inc. v. Adams*, supra, at p. 466.

The original petition of appellee alleges that J. Earl Wiley is the registered agent of appellant, but there is no allegation that 421 Eagle Street, Lakeway, Travis County, Texas, is the registered office of appellant. *Charles Cohen, Inc. v. Adams*, supra, at p. 466. The affidavit by the Deputy Constable that he used "reasonable diligence" to locate Wiley at the registered office of appellant does not include any statement as to the actual diligence used. Rule 107, T.R.C.P.; see *Smith v. Texas Discount Co.*, 408 S.W.2d 804, 805 (Tex.Civ.App.-Austin 1966, no writ). The return on the citation served upon the Secretary of State fails to show that it was served upon the Secretary of State, the Assistant Secretary of State, or a clerk having charge of

the corporation department of his office; instead, the return states such citation was served on "Coco Casarez, Secretary." Art. 2.11, Section B, supra.

The certificate of the Secretary of State certifies that the citation was delivered to John F. Pettit, Assistant Secretary of State, which certification is in conflict with the return on the citation for service upon the Secretary of State.

> "Rules relating to service of process are mandatory and a default judgment based upon citation and service not complying therewith, is void, if the defect is apparent on the face of the record." *Lamesa Rural High School District v. Speck*, 253 S.W.2d 315, 316 (Tex.Civ.App.-Eastland 1952, writ ref'd n. r. e.)

See 4 McDonald, Texas Civil Practice, Sec. 17.23.2; 46 Tex.Jur.2d Process and Notices Sec. 96.

The record in the case at bar will not support a default judgment. *David A. Carl Enterprises, Inc. v. Crow-Shutt # 14*, 553 S.W.2d 118, 120–21 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ).

Judgment of the trial court is reversed, and the cause is remanded.