**HUMPHREY COMPANY, INC., Appellant,**

v.

**LOWRY WATER WELLS, Appellee.**

**No. A14–85–925–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 3, 1986.

Ronald W. Biela, Houston, for appellant.

Greg Frazer, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

■ This is an appeal by writ of error from a default judgment entered in favor of appellee. The controlling issue before us is whether the face of the record shows effective service of citation on appellant. Substituted service was had upon appellant when regular service failed. For valid substituted service on a Texas corporation, case law requires the face of the record to specifically designate the registered office of the defendant corporation. We have found no such evidence from the record. We hold the trial court erred.in granting the default and we reverse the judgment.

In its first point of error appellant contends the record fails to show that the address at which service of citation was attempted was the registered office of the corporation. The original petition alleges that James B. Humphrey was appellant's registered agent, however, it does not allege that the address at which service could be effected was the registered office of appellant. When service of citation could not be had at the address given, appellee sought service upon appellant by serving the secretary of state. Included in the transcript is a certificate from the secretary of state certifying that after being served, that office forwarded a copy of the citation and petition by "Certified mail, return receipt requested to Humphrey Company, Inc. Mr. James B. Humphrey, Reg. Agent 1920 Johnson Street Houston, Tx 77007." There is no evidence in the record that 1920 Johnson Street is the registered office of appellant.

■ Were we able to indulge in any presumption, it would be reasonable to presume that the secretary of state forwarded the citation and petition to the registered office of appellant's registered agent. However, because this is a writ of error proceeding, the question before this court is whether there is error on the face of the record which invalidates the trial court's judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965). Further, since the appeal constitutes a direct attack upon a default judgment, we will not indulge any presumptions in support of the judgment's validity. *Id.* at 929. Failure to show affirmatively a strict compliance with the rules relating to the issuance, service and return of citation renders the attempted service invalid. *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Faced with an identical certificate of the secretary of state, the Tyler court, in *Travis Builders, Inc. v. Graves*, 583 S.W.2d 865 (Tex.Civ.App.—Tyler 1979, no writ) held that while Section B of Art. 2.11 of the Texas Business Corporation Act requires such process to be forwarded to the registered office of a resident corporation, "the fact that such article requires the Secretary of State to perform such duties will not support a presumption that a specified person is the registered agent or that a specified address is the registered office where a direct attack is made on a default judgment," citing its previous identical holding in *Cohen v. Adams*, 516 S.W.2d 464 (Tex.Civ.App.—Tyler 1974, no writ). A panel of this court recently adopted this same reasoning in *Global Truck & Equipment, Inc. v. Plaschinski*, 683 S.W.2d 766 (Tex.App.—Houston [14th Dist.] 1984, no writ). Accordingly, we hold the face of the record fails to show that substituted service was attempted at the registered office of appellant's agent.

We acknowledge this perpetuates a highly technical rule. However, the specific language of the statute accompanied by the unambiguous interpretation by the courts leaves us no choice but reversal in view of the facts of this case. Furthermore, courts have historically looked upon default judgments with disfavor. We believe the language of Chief Justice Greenhill in *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94 (Tex.1973) where he spoke of the sufficiency of service on nonresidents, is equally applicable here:

> The requirement of proof of forwarding of process which we construe the statute to impose will not cause any significant

hardship to plaintiffs seeking judgments against non-residents. A certificate from the office of the Secretary of State, which the plaintiff could obtain for a trivial fee, would suffice. A contrary result would entail a much more serious hardship for defendants.

The problem with this case could have been easily cured by a certificate from the office of the secretary of state for a minimal fee showing the registered agent and the registered office of appellant.

Appellant, having now appeared to attack the judgment, has entered its appearance. Tex.R.Civ.P. 123. The judgment is reversed and remanded for trial on the merits.