NO. 07-01-0310-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 12, 2002



______________________________




EAGLE COMMERCIAL BUILDERS, INC. D/B/A


THE EAGLE COMPANY, APPELLANT



V.



MILAM & CO. PAINTING, INC., APPELLEE




_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NO. 3 OF HARRIS COUNTY;



NO. 746,803; HONORABLE LYNN BRADSHAW-HULL, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Presenting four issues for our determination, appellant Eagle Commercial Builders,
Inc. d/b/a The Eagle Company (Eagle) challenges a default judgment in favor of appellee
Milam & Co. Painting, Inc. (Milam). In its issues, Eagle questions whether the trial court
erred in granting a default judgment 1) when it had no personal jurisdiction over the
defendant because the registered agent was not served at the registered address, 2)
because the constable's return of citation failed to show reasonable diligence in attempting
service at the registered office address, 3) when the constable amended the citation
without authorization to add the home address of the registered agent in order to attempt
service, and 4) which provides for 18% pre-judgment interest starting before the date the
original petition was filed. For reasons we later state, we affirm the judgment of the trial
court.

 On January 22, 2001, Milam filed suit against Eagle, a general contractor. In its
suit, Milam sought recovery for breach of contract suit on a sworn account and breach of
fiduciary duty, and in quantum meruit. In doing so, Milam alleged it was entitled to a
mechanic's and materialmen's lien for painting materials and labor assertedly furnished
in connection with a building expansion project for the United States Postal Service Carrier
Annex in Houston. In the suit, Milam also sought recovery against Deborah M. Jones
(Jones) individually for violation of the Texas Trust Fund Statute. Jones was the
President, CEO, and registered agent for Eagle. Jones individually is not a party to this
appeal.

 For purposes of service of process, Milam identified Eagle's registered agent as
Deborah M. Jones at 11558 Hartley, Suite 200, Houston, Texas 77093. That same
address was designated for service on Jones. Subsequent to the filing of the petition,
citation was issued by the county clerk directing service of citation on Jones as the
registered agent at the address shown above. Sometime after he received the citation, the
constable wrote above the typed address of the agent the notation "1351 Bullock 77055,"
which apparently was Jones's home address. On his return, he showed the citation was
delivered to "Deborah M. Jones in person @ 1351 Bullock St. [Houston-below the delivery
return address], Registered Agent of the said corporation . . . ," on February 5, 2001. On
the face of the original citation, below the clerk's address direction, presumably added by
the constable, appear the cryptic notations, "1-21-01 9:25 p. N/I, 1-30-01 8:30p. N/I, and
2-2-01 9:10A NI-BIA." However, regardless of the meanings of these notations, it is
undisputed that although citation was not served at Eagle's registered office, it was
actually served on Jones in her capacity as registered agent of Eagle. Eagle avers the
citation was never forwarded to it by Jones. However, included in the clerk's record is a
certification that Jones's resignation as Eagle's registered agent was not effective until
February 21, 2001. Eagle does not dispute that on February 5, 2001, the date of service,
Jones was its registered agent for service of process.

 No answer was filed by Eagle and, on March 26, 2001, the trial court rendered the
default judgment giving rise to this appeal. Other portions of the record and the judgment
will be referred to only as necessary to the discussion and disposition of this appeal. 

 Initially, we must decide if the service of citation upon a registered agent of a
corporation at an address other than that of the registered office is sufficient to vest
jurisdiction in the trial court to render a default judgment. In relevant part, article 2.11(A)
of the Business Corporation Act provides that the "president and all vice presidents of the
corporation and the registered agent of the corporation shall be agents of such corporation
upon whom any process, notice, or demand required or permitted by law to be served
upon the corporation may be served." Part B of the statute, in pertinent part, provides that
"[w]henever a corporation shall fail to appoint or maintain a registered agent in this State,
or whenever its registered agent cannot with reasonable diligence be found at the
registered office," then the Secretary of State "shall be an agent of such corporation" upon
whom service may be made. Tex. Bus. Corp. Act Ann. art. 2.11(A) and (B) (Vernon 1980).

 It is axiomatic that in order for a court to have jurisdiction in an action in personam
or in an adversary proceeding in rem, a citation must have been issued and served in one
of the ways authorized by law. Gulf, C. & S. F. Ry. Co. v. Rawlings, 80 Tex. 579, 16 S.W.
430, 431 (1891). In contending that the service of citation here falls short of statutory and
due process requirements because it was not served on Jones at the registered office of
the corporation, Eagle cites Wilson v. Dunn, 800 S.W.2d 833 (Tex. 1990), articulating the
rule that in cases involving default judgments, there are no presumptions and a failure to
show strict compliance with the Rules of Civil Procedure renders the service invalid. Id.
at 836; see also Tex. R. Civ. P. 107. 

 As an indication of how strictly compliance is required, Eagle notes the holding in
Uvalde Country Club v. Martin Linen Supply Co., Inc., 690 S.W.2d 884 (Tex. 1985). In that
case, the registered agent of the Uvalde Country Club was Henry Bunting, Jr. However, 
citation in the case was directed to Henry Bunting as the registered agent of the Uvalde
Country Club, and the sheriff's return showed that the citation was served on a Henry
Bunting. The country club failed to answer the suit and a default judgment was rendered
against it. The country club brought a writ of error to the San Antonio Court of Appeals. 
That court held that the service was sufficient because the lack of "Jr." on the name of
registered agent was immaterial inasmuch as it did not constitute any part of the name of
the registered agent. However, the supreme court held the court of appeals erred,
because under the strict rules applicable to default judgments, when the name of the
registered agent was Henry Bunting, Jr., service of citation on Henry Bunting was not
sufficient and the default judgment was reversed. Id. at 885. 

 Eagle argues that because of the required strict compliance, if a registered agent
is served, section 2.11 requires that not only must the named registered agent be served,
but part B of the statute also requires that such service must be made at the registered
office of the corporation and at no other place. We disagree. The cases which Eagle cites
in support of that proposition such as Humphrey Co., Inc. v. Lowry Water Wells, 709
S.W.2d 310 (Tex.App.--Houston [14th Dist.] 1986, no writ); Travis Builders, Inc. v. Graves,
583 S.W.2d 865 (Tex.Civ.App.--Tyler 1979, no writ); and Charles Cohen, Inc. v. Adams,
516 S.W.2d 464 (Tex.Civ.App.--Tyler 1974, no writ), are cases that involved the sufficiency
of substituted service on the Secretary of State and were reversed because the record did
not show that reasonable diligence had been exercised to serve the corporate registered
agents at the corporations' registered offices prior to obtaining substituted serve on the
Secretary of State. They are, therefore, not dispositive of the question before us. 

 By its clear language, part A of the statute lists the individuals upon which corporate
service may be made. It does not attempt to limit or prescribe the location at which the
service must be made, nor does it make any additional requirements between actual
service on an officer or registered agent of the corporation. We have not found, nor have
we been cited to, a case in which a court has read into part A the limitation which Eagle
now urges, namely, that the actual service must have been made at the registered office
of the corporation. 

 Part B, on the other hand, by its terms, is intended to apply in instances in which
a corporation has never designated an agent upon whom service may be had, or instances
in which unsuccessful attempts have been made to serve the registered agent at its
registered location, but even though reasonable diligence has been exercised, service has
not been able to have been made. In those instances, it would be manifestly unjust not
to allow some type of substituted service. It is obvious that by allowing substituted service
on the Secretary of State, the legislature intended to remove the possibility that by making
himself or herself obscure, the registered agent could prevent a plaintiff from the
opportunity of a court hearing. 

 Thus, we disagree with Eagle's proposition that service on a registered agent may
only be at the corporation's registered office. That being so, our answer to Eagle's first
issue is the trial court had jurisdiction to grant its default judgment and that issue is
overruled. That disposition obviates the necessity for discussion of Eagle's second and
third issues, which raise questions that would only be applicable if actual service could
only be made at the corporate registered address. Eagle's second and third issues are
overruled.

 In its fourth issue, Eagle asks if the trial court erred in its judgment providing for
18% interest on the amount prior to the date the original petition was filed. The award of
pre-judgment interest in this case is governed by section 28.004 of the Texas Property
Code. Tex. Prop. Code Ann. § 28.004 (Vernon 2000). In relevant part, that statute
provides for interest at the rate of 1 1/2 % per month beginning on the day after the
payment becomes due. The clerk's record's shows that invoices were introduced dating
back to October 27, 1999. The trial court only allowed interest from January 1, 2001. 
Under this record, we cannot say the trial court abused its discretion in selecting that date. 
Eagle's fourth issue is overruled.

 In summary, all of Eagle's issues are overruled and the judgment of the trial court
is affirmed.


 John T. Boyd

 Chief Justice


Do not publish.