NO. 07-01-0310-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 12, 2002

_____

EAGLE COMMERCIAL BUILDERS, INC. D/B/A
THE EAGLE COMPANY, APPELLANT

V.

MILAM & CO. PAINTING, INC., APPELLEE

_____

FROM THE COUNTY CIVIL COURT AT LAW NO. 3 OF HARRIS COUNTY;

NO. 746,803; HONORABLE LYNN BRADSHAW-HULL, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Presenting four issues for our determination, appellant Eagle Commercial Builders, Inc. d/b/a The Eagle Company (Eagle) challenges a default judgment in favor of appellee Milam & Co. Painting, Inc. (Milam). In its issues, Eagle questions whether the trial court erred in granting a default judgment 1) when it had no personal jurisdiction over the defendant because the registered agent was not served at the registered address, 2)

because the constable's return of citation failed to show reasonable diligence in attempting service at the registered office address, 3) when the constable amended the citation without authorization to add the home address of the registered agent in order to attempt service, and 4) which provides for 18% pre-judgment interest starting before the date the original petition was filed. For reasons we later state, we affirm the judgment of the trial court.

On January 22, 2001, Milam filed suit against Eagle, a general contractor. In its suit, Milam sought recovery for breach of contract suit on a sworn account and breach of fiduciary duty, and in *quantum meruit*. In doing so, Milam alleged it was entitled to a mechanic's and materialmen's lien for painting materials and labor assertedly furnished in connection with a building expansion project for the United States Postal Service Carrier Annex in Houston. In the suit, Milam also sought recovery against Deborah M. Jones (Jones) individually for violation of the Texas Trust Fund Statute. Jones was the President, CEO, and registered agent for Eagle. Jones individually is not a party to this appeal.

For purposes of service of process, Milam identified Eagle's registered agent as Deborah M. Jones at 11558 Hartley, Suite 200, Houston, Texas 77093. That same address was designated for service on Jones. Subsequent to the filing of the petition, citation was issued by the county clerk directing service of citation on Jones as the registered agent at the address shown above. Sometime after he received the citation, the

constable wrote above the typed address of the agent the notation "1351 Bullock 77055," which apparently was Jones's home address. On his return, he showed the citation was delivered to "Deborah M. Jones in person @ 1351 Bullock St. [Houston-below the delivery return address], Registered Agent of the said corporation . . . ," on February 5, 2001. On the face of the original citation, below the clerk's address direction, presumably added by the constable, appear the cryptic notations, "1-21-01 9:25 p. N/I, 1-30-01 8:30p. N/I, and 2-2-01 9:10A NI-BIA." However, regardless of the meanings of these notations, it is undisputed that although citation was not served at Eagle's registered office, it was actually served on Jones in her capacity as registered agent of Eagle. Eagle avers the citation was never forwarded to it by Jones. However, included in the clerk's record is a certification that Jones's resignation as Eagle's registered agent was not effective until February 21, 2001. Eagle does not dispute that on February 5, 2001, the date of service, Jones was its registered agent for service of process.

No answer was filed by Eagle and, on March 26, 2001, the trial court rendered the default judgment giving rise to this appeal. Other portions of the record and the judgment will be referred to only as necessary to the discussion and disposition of this appeal.

Initially, we must decide if the service of citation upon a registered agent of a corporation at an address other than that of the registered office is sufficient to vest jurisdiction in the trial court to render a default judgment. In relevant part, article 2.11(A) of the Business Corporation Act provides that the "president and all vice presidents of the

3

corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served." Part B of the statute, in pertinent part, provides that "[w]henever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office," then the Secretary of State "shall be an agent of such corporation" upon whom service may be made. Tex. Bus. Corp. Act Ann. art. 2.11(A) and (B) (Vernon 1980).

It is axiomatic that in order for a court to have jurisdiction in an action *in personam* or in an adversary proceeding *in rem*, a citation must have been issued and served in one of the ways authorized by law. *Gulf, C. & S. F. Ry. Co. v. Rawlings*, 80 Tex. 579, 16 S.W. 430, 431 (1891). In contending that the service of citation here falls short of statutory and due process requirements because it was not served on Jones at the registered office of the corporation, Eagle cites *Wilson v. Dunn*, 800 S.W.2d 833 (Tex. 1990), articulating the rule that in cases involving default judgments, there are no presumptions and a failure to show strict compliance with the Rules of Civil Procedure renders the service invalid. *Id.* at 836; *see also* Tex. R. Civ. P. 107.

As an indication of how strictly compliance is required, Eagle notes the holding in *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884 (Tex. 1985). In that case, the registered agent of the Uvalde Country Club was Henry Bunting, Jr. However, citation in the case was directed to Henry Bunting as the registered agent of the Uvalde

4

Country Club, and the sheriff's return showed that the citation was served on a Henry Bunting. The country club failed to answer the suit and a default judgment was rendered against it. The country club brought a writ of error to the San Antonio Court of Appeals. That court held that the service was sufficient because the lack of "Jr." on the name of registered agent was immaterial inasmuch as it did not constitute any part of the name of the registered agent. However, the supreme court held the court of appeals erred, because under the strict rules applicable to default judgments, when the name of the registered agent was Henry Bunting, Jr., service of citation on Henry Bunting was not sufficient and the default judgment was reversed. *Id*. at 885.

Eagle argues that because of the required strict compliance, if a registered agent is served, section 2.11 requires that not only must the named registered agent be served, but part B of the statute also requires that such service must be made at the registered office of the corporation and at no other place. We disagree. The cases which Eagle cites in support of that proposition such as *Humphrey Co., Inc. v. Lowry Water Wells*, 709 S.W.2d 310 (Tex.App.--Houston [14th Dist.] 1986, no writ); *Travis Builders, Inc. v. Graves,* 583 S.W.2d 865 (Tex.Civ.App.--Tyler 1979, no writ); and *Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464 (Tex.Civ.App.--Tyler 1974, no writ), are cases that involved the sufficiency of substituted service on the Secretary of State and were reversed because the record did not show that reasonable diligence had been exercised to serve the corporate registered agents at the corporations' registered offices prior to obtaining substituted serve on the Secretary of State. They are, therefore, not dispositive of the question before us.

5

By its clear language, part A of the statute lists the individuals upon which corporate service may be made. It does not attempt to limit or prescribe the location at which the service must be made, nor does it make any additional requirements between actual service on an officer or registered agent of the corporation. We have not found, nor have we been cited to, a case in which a court has read into part A the limitation which Eagle now urges, namely, that the actual service must have been made at the registered office of the corporation.

Part B, on the other hand, by its terms, is intended to apply in instances in which a corporation has never designated an agent upon whom service may be had, or instances in which unsuccessful attempts have been made to serve the registered agent at its registered location, but even though reasonable diligence has been exercised, service has not been able to have been made. In those instances, it would be manifestly unjust not to allow some type of substituted service. It is obvious that by allowing substituted service on the Secretary of State, the legislature intended to remove the possibility that by making himself or herself obscure, the registered agent could prevent a plaintiff from the opportunity of a court hearing.

Thus, we disagree with Eagle's proposition that service on a registered agent may only be at the corporation's registered office. That being so, our answer to Eagle's first issue is the trial court had jurisdiction to grant its default judgment and that issue is overruled. That disposition obviates the necessity for discussion of Eagle's second and

6

third issues, which raise questions that would only be applicable if actual service could only be made at the corporate registered address. Eagle's second and third issues are overruled.

In its fourth issue, Eagle asks if the trial court erred in its judgment providing for 18% interest on the amount prior to the date the original petition was filed. The award of pre-judgment interest in this case is governed by section 28.004 of the Texas Property Code. Tex. Prop. Code Ann. § 28.004 (Vernon 2000). In relevant part, that statute provides for interest at the rate of 1 1/2 % per month beginning on the day after the payment becomes due. The clerk's record's shows that invoices were introduced dating back to October 27, 1999. The trial court only allowed interest from January 1, 2001. Under this record, we cannot say the trial court abused its discretion in selecting that date. Eagle's fourth issue is overruled.

In summary, all of Eagle's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.

7