NO. 07-06-0014-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 12, 2006


 ______________________________



GERALD L. RICHARDS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2005-494,592; HONORABLE DRUE FARMER, JUDGE


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.



MEMORANDUM OPINION


 Appellant, Gerald L. Richards, appeals his conviction for possession of marihuana,
in an amount less than two ounces. For the reasons stated herein, we reverse the trial
court's judgment.

 On June 21, 2005, appellant was charged, by information, with the offense of
misdemeanor possession of marihuana. (1) The information alleged that the offense
occurred on or about May 1, 2003; however, it did not allege facts that would toll the two-year statute of limitations applicable to misdemeanor offenses. Prior to trial, appellant filed
a Motion to Quash and Exception to Substance of Information alleging that prosecution for
the offense alleged in the information was barred by limitations. The State filed a response
to appellant's motion alleging that limitations were tolled during the pendency of a prior
information for the same offense. Without holding a hearing, the trial court denied
appellant's motion.

 Subject to a plea agreement, appellant subsequently pled guilty to the offense and,
in accordance with the terms of the plea agreement, was sentenced to 90 days
incarceration in the Lubbock County Jail, probated for a period of 12 months, and a fine
of $200. Following entry of judgment, appellant filed notice of appeal. The trial court
certified that appellant has the right to appeal matters raised by written pre-trial motions.

 By one appellate issue, appellant contends that prosecution for the possession
offense was barred by the applicable statute of limitations.

 Generally speaking, the statute of limitations contained in Chapter 12 of the Texas
Code of Criminal Procedure insulates individuals from prosecution after the passage of an
express period of time following the alleged commission of an offense. Proctor v. State,
967 S.W.2d 840, 843 (Tex.Crim.App. 1998). Specifically, Texas Code of Criminal
Procedure article 12.02 provides that, "[a]n indictment or information for any misdemeanor
may be presented within two years from the date of the commission of the offense, and not
afterward." Tex. Code Crim. Proc. Ann. art. 12.02 (Vernon 2005). The Texas Court of
Criminal Appeals has indicated that limitations is a defense that must be specifically
asserted by a defendant, at or before the guilt/innocence stage of trial, or it is waived. See
Proctor, 967 S.W.2d at 844. However, once the defendant raises the defense, the burden
then shifts to the State to prove that the prosecution is not barred by limitations. See id.

 In the present case, appellant properly raised the defense of limitations. Appellant
presented sufficient evidence of the application of limitations in this case by referencing the
information which, on its face, evidenced that prosecution was limitations-barred. The
State's response correctly contended that limitations are tolled while a prior information is
pending for the same offense. See Tex. Code Crim. Proc. Ann. art. 12.05(b) (Vernon
2005); McAlister v. State, 119 S.W.3d 460, 462 (Tex.App.-Fort Worth 2003, no pet.). 
However, the State failed to submit any evidence of the pendency of a prior information
relating to the possession offense nor did the State request the trial court to take judicial
notice of any prior information contained in the court's files. Because no hearing was held
on appellant's motion, the record reflects that the State failed to provide any evidence that
the limitations period applicable to the June 21, 2005 information was tolled by the
pendency of a prior information charging appellant with the same offense. (2) As this
information was limitations-barred on its face and as the State has failed to provide
evidence that the limitations period was tolled, we conclude that the trial court erred in
denying appellant's Motion to Quash and Exception to Substance of Information. 

 Accordingly, we reverse the trial court's judgment and remand this case to the trial
court for further proceedings consistent with this opinion.




 Mackey K. Hancock

 Justice



Do not publish.






1. It is a Class B misdemeanor offense to knowingly or intentionally possess a
useable quantity of marihuana in an amount less than two ounces. Tex. Health & Safety
Code Ann. § 481.121 (Vernon 2003).
2. In an attempt to supplement the appellate record, the State provided this Court a
copy of the contents of the court's file in cause number 2003-484127, which does include
a prior information filed, on May 9, 2003, against appellant for the instant offense. Also
included is an order dismissing cause number 2003-484127, signed on May 20, 2004. 
However, because our review is limited to the record made in the trial court and presented
to us in the appellate record, we cannot and do not consider this additional evidence which
was not presented to the trial court. See Cerda v. State, 644 S.W.2d 875, 877
(Tex.App.-Amarillo 1982, no pet.).


tutory and
due process requirements because it was not served on Jones at the registered office of
the corporation, Eagle cites Wilson v. Dunn, 800 S.W.2d 833 (Tex. 1990), articulating the
rule that in cases involving default judgments, there are no presumptions and a failure to
show strict compliance with the Rules of Civil Procedure renders the service invalid. Id.
at 836; see also Tex. R. Civ. P. 107. 

 As an indication of how strictly compliance is required, Eagle notes the holding in
Uvalde Country Club v. Martin Linen Supply Co., Inc., 690 S.W.2d 884 (Tex. 1985). In that
case, the registered agent of the Uvalde Country Club was Henry Bunting, Jr. However, 
citation in the case was directed to Henry Bunting as the registered agent of the Uvalde
Country Club, and the sheriff's return showed that the citation was served on a Henry
Bunting. The country club failed to answer the suit and a default judgment was rendered
against it. The country club brought a writ of error to the San Antonio Court of Appeals. 
That court held that the service was sufficient because the lack of "Jr." on the name of
registered agent was immaterial inasmuch as it did not constitute any part of the name of
the registered agent. However, the supreme court held the court of appeals erred,
because under the strict rules applicable to default judgments, when the name of the
registered agent was Henry Bunting, Jr., service of citation on Henry Bunting was not
sufficient and the default judgment was reversed. Id. at 885. 

 Eagle argues that because of the required strict compliance, if a registered agent
is served, section 2.11 requires that not only must the named registered agent be served,
but part B of the statute also requires that such service must be made at the registered
office of the corporation and at no other place. We disagree. The cases which Eagle cites
in support of that proposition such as Humphrey Co., Inc. v. Lowry Water Wells, 709
S.W.2d 310 (Tex.App.--Houston [14th Dist.] 1986, no writ); Travis Builders, Inc. v. Graves,
583 S.W.2d 865 (Tex.Civ.App.--Tyler 1979, no writ); and Charles Cohen, Inc. v. Adams,
516 S.W.2d 464 (Tex.Civ.App.--Tyler 1974, no writ), are cases that involved the sufficiency
of substituted service on the Secretary of State and were reversed because the record did
not show that reasonable diligence had been exercised to serve the corporate registered
agents at the corporations' registered offices prior to obtaining substituted serve on the
Secretary of State. They are, therefore, not dispositive of the question before us. 

 By its clear language, part A of the statute lists the individuals upon which corporate
service may be made. It does not attempt to limit or prescribe the location at which the
service must be made, nor does it make any additional requirements between actual
service on an officer or registered agent of the corporation. We have not found, nor have
we been cited to, a case in which a court has read into part A the limitation which Eagle
now urges, namely, that the actual service must have been made at the registered office
of the corporation. 

 Part B, on the other hand, by its terms, is intended to apply in instances in which
a corporation has never designated an agent upon whom service may be had, or instances
in which unsuccessful attempts have been made to serve the registered agent at its
registered location, but even though reasonable diligence has been exercised, service has
not been able to have been made. In those instances, it would be manifestly unjust not
to allow some type of substituted service. It is obvious that by allowing substituted service
on the Secretary of State, the legislature intended to remove the possibility that by making
himself or herself obscure, the registered agent could prevent a plaintiff from the
opportunity of a court hearing. 

 Thus, we disagree with Eagle's proposition that service on a registered agent may
only be at the corporation's registered office. That being so, our answer to Eagle's first
issue is the trial court had jurisdiction to grant its default judgment and that issue is
overruled. That disposition obviates the necessity for discussion of Eagle's second and
third issues, which raise questions that would only be applicable if actual service could
only be made at the corporate registered address. Eagle's second and third issues are
overruled.

 In its fourth issue, Eagle asks if the trial court erred in its judgment providing for
18% interest on the amount prior to the date the original petition was filed. The award of
pre-judgment interest in this case is governed by section 28.004 of the Texas Property
Code. Tex. Prop. Code Ann. § 28.004 (Vernon 2000). In relevant part, that statute
provides for interest at the rate of 1 1/2 % per month beginning on the day after the
payment becomes due. The clerk's record's shows that invoices were introduced dating
back to October 27, 1999. The trial court only allowed interest from January 1, 2001. 
Under this record, we cannot say the trial court abused its discretion in selecting that date. 
Eagle's fourth issue is overruled.

 In summary, all of Eagle's issues are overruled and the judgment of the trial court
is affirmed.


 John T. Boyd

 Chief Justice


Do not publish.