A. R. Brown *v.* S. P. Hows.

(*Nashville,* December Term, 1930.)

Opinion filed October 3, 1931.

EWING & EWING and CORNELIUS, WADE & McKINNEY, for plaintiff in error.

ROBERTS & ROBERTS, JOHN J. HOOKER and SETH WALKER, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

## ON PETITION TO REHEAR.

By a petition to rehear and the answer thereto counsel for both parties have receded from the apparent agreement in the original briefs as to the number and description of the ballots in the Pasquo box. Our ruling on the votes of A. L. Perry and Jim Roberts was based upon such agreement. This part of the opinion therefore has become inconclusive and it is necessary to consider assignments of error heretofore pretermitted. It will, however, suffice to dispose of the assignment to the action of the court below in holding that Robinson, who cast his ballot for Brown, was an illegal voter and in deducting Robinson's vote from Brown's total.

It appears from his testimony that Robinson bought a small place at Beechville, in Williamson County, in 1911. It is obvious that this was his residence, at least until 1918. In 1918 he bought a farm of one hundred sixty-six (166) acres, one hundred twenty-three (123) acres of which was in Davidson County and forty-three (43) acres in Williamson County. Upon the purchase of this farm, together with his family, he moved down to a small house on that farm, the house being located in Davidson County. He and his family lived there about a year and he voted in Davidson County.

There was no school, however, conveniently located in Davidson County and within a year Robinson moved his family back to Beechville, where they had formerly resided in Williamson County. Robinson's family has lived at Beechville ever since, except that about three or four years ago they spent the summer on the Davidson County side of his farm.

Robinson says that he has lived for about nine months each year since 1918 in a little shack on that part of his farm lying in Davidson County. His family, however, all the while has lived in the house at Beechville. He has gone back and forth between the Davidson County place and his Beechville place at frequent intervals. At the time evidence was given in this case, it seems that he was going back and forth between Beechville and the Davidson County farm every day.

When asked why he did not keep his family in the house in Davidson County, he replied that he had merely a shack there, whereas he had a home at Beechville. During his stays at the shack in Davidson County, he was alone and did his own cooking. Repeatedly, during the course of his examination, he referred to the Beechville place as his home.

After Robinson bought the farm in Davidson County he registered there and has voted in Davidson County a number of times. The effect of his testimony is that he regards himself as a citizen of Davidson County but all the while he claims his home in Williamson County. His children have always attended school in Williamson County, except during the year 1919.

His voting and registration out of the way, it seems clear from the foregoing that Robinson's domicile is in Williamson County.

Section 1 of Article 4 of the Constitution provides that: "Every male person of the age of twenty-one (21) years, being a citizen of the United States, and a resident of this State for twelve (12) months, and of the County wherein he may offer his vote for six (6) months, next preceding the day of election, shall be entitled to vote for members of the General Assembly and other Civil Officers for the County and District in which he resides.".

Section 1167, Thompson's-Shannon's Code, is to the same effect.

All the States have similar constitutional provisions, restricting the right of a citizen to vote to the place of his residence. Residence as used in such constitutional provision is uniformly construed as equivalent to domicile. 9 R. C. L. 1030.

In *Stratton* v. *Brigham,* 34 Tenn. (2 Sneed), 421 this court said:

"But when used in connection with subjects of domestic policy: as taxation, settlement, voting, and the attachment law—the term domicile, has a more confined and restricted import, and implies the same as residence: That is, the home or habitation fixed in any place, without a present intention of removing therefrom."

The foregoing was approved in *Hascall* v. *Hafford,* 107 Tenn., 355, and language of the same import was used in *Brown* v. *Brown,* 150 Tenn., 89. In *Denny* v. *Sumner County,* 134 Tenn., 468, where a distinction was taken between residence and domicile, residence was used in the sense of a place of abode without the presence of a concurrent intention to remain at that place of abode.

The presumption is that the domicile of a married man is the place where his family resides. *Pearce* v. *State,* 33 Tenn. (1 Sneed.), 63; 60 Am. Dec., 135; 9 R. C. L., 557.

"Ordinarily little difficulty is experienced in determining the residence of a man with a family, for it is, save in exceptional cases, where they live or have their home. *Brewer* v. *Linnauos,* 36 Me., 428;" *State* v. *Savre,* 129 Iowa, 122; 3 L. R. A. (N. S.), 455; 105 N. W., 387.

We think there is nothing in the record before us to overthrow the presumption that Robinson's domicile was at the place where his family lived. His domicile must be taken to have been established at Beechville in 1911 and we think it remained there. A domicile once acquired remains one's domicile until another domicile is established. *Denny* v. *Sumner County, supra.* We do not think that Robinson ever acquired a domicile in Davidson County. According to his own statement, he stayed in Davidson County for the purpose of working his farm. *(5)* The mere act of abiding at a particular place for a specific purpose with no present intention of making it a permanent home does not make of such place one's residence. *Hascall* v. *Hafford, supra; Keelin* v. *Graves,* 129 Tenn., 103.

Robinson does not say that he even intended to make the shack in Davidson County his permanent home. As above noted, he never refers to that place as his home but on the contrary always refers to the Beechville place as his home.

Recurring to *Hascall* v. *Hafford, supra,* which seems controlling, the court said:

"Domicile is defined as that 'place where a man has his true, fixed and permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning.' So that, at last, the question is whether the deceased had acquired a domicile in this State; for, in order to be a citizen or resident, the party must have acquired a domicile. To constitute

domicile, two things must concur—residence and intention to make it home of party. . . . But we think the declarations of deceased in respect of his home and his intention to return to it outweigh the fact of voting in a primary or running for office, as indicating the real purpose of the party. It was held in *Divine et al.* v. *Dennis,* 1 Shannon, 378, that facts indicating that a party was a permanent citizen of Tennessee— such as voting in our elections, suing and being sued in our courts, paying taxes, and renting land, etc.—are overcome by his repeated declarations that he was a citizen of Kentucky and of his purpose to return to that State when his government contract was finished.''

■ It may be conceded that it was the intention of Robinson to fix a voting place in Davidson County. Such intention, however, would not avail to make him a legal voter in that County, unless it was accompanied by an intent at least to make Davidson County his home or residence. We discover no such intent.

■ Indeed we are of the opinion that a bare intent to make a particular place one's residence is not sufficient to establish a domicile. There must be some appropriate action harmonizing with the intent.

As said by the Supreme Court of Iowa in *State* v. *Savre, supra*:

''A person cannot live in one place and by force of imagination constitute some other his place of abode. The intent and the fact, as already stated, must concur.''

For the foregoing reasons we reach the conclusion that the trial judge properly held that Robinson had his residence in Williamson County and was an illegal voter in Davidson County. It follows that there was no error in the action of the court below in deducting the vote of Robinson from Brown's total so that, even if we were

misled into deducting the vote of Perry or the vote of Roberts from Brown's total, we must still deduct the vote of Robinson therefrom, leaving Hows with a majority of one.

The petition to rehear is denied.