# BRUCE v. BRUCE.—222 S. W. (2d) 228.

Eastern Section.    February 26, 1949.

Petition for Certiorari denied by Supreme Court, July 9, 1949.

Lon Francisco, of Tazewell, for petitioner.

Rogers Kivett, of Tazewell, for defendant.

HOWARD, J.   This suit originated in the County Court of Claiborne County by petition of Gillie Bruce, widow of Robert Bruce, deceased, against Albert Bruce, Administrator of the estate of Robert Bruce, to have set aside to petitioner a year's support, the exempt personal property and to have allotted to her homestead and dower.   The defendant, Albert Bruce, is the only child of Robert Bruce, who died at Chenoa, Kentucky, June 15, 1946, and is the stepson of petitioner, Gillie Bruce.   The County Court denied petitioner the relief prayed for on grounds that petitioner by remaining in Kentucky after her husband's death had ceased to be a resident of Tennessee and had abandoned her right to a year's support, the personal exempt property and homestead.

The Administrator in his answer admitted that petitioner was entitled to a widow's dower in the real estate owned by Robert Bruce at the time of his death, which consisted of two tracts of land of 40 and 20 acres each located in the Sixth Civil District of Claiborne County.

Upon appeal the Circuit Judge heard the case de novo on oral testimony of witnesses and reversed the judgment of the County Court and remanded the case to the latter Court for further proceedings.   From the judgment of the Circuit Court the Administrator appealed to this Court and has assigned errors.

■ ■   The first proposition for our consideration is whether the appeal was from the County Court to the Circuit Court, or whether the case should have gone from the County Court to the Court of Appeals.   The record fails to disclose if plaintiff-in-error ever challenged the

jurisdiction of the Circuit Court when the case was tried there. It appears from the briefs that this question is now raised for the first time. Code Section 8718 provides:

"The supreme or appeals court shall not dismiss any suit for matters of form, or for want of jurisdiction over the subject-matter in the court in which the action was instituted, unless exception was properly taken by demurrer to the want of jurisdiction in the court below."

The consent of parties, and their appearance and trial on the merits, will waive the irregularity of the transfer of a cause from the court in which it was instituted to another court for trial, where the latter court would have had original jurisdiction of the action if it had been commenced there. Elkins v. Sams et al., 4 Tenn. 44.

In 1942 Robert Bruce and his wife were desirous of building a new home on one of the aforementioned tracts of land, and in order to acquire the means with which to build, Bruce and his wife moved temporarily to Chenoa, Kentucky, where Bruce took a job. They took some of their household goods with them—enough to enable them to keep house—and the remainder of their furniture they left on one of their farms in Claiborne County. They intended to return to Claiborne County in 1943 to build their home, but because of the war and scarcity of materials their plans to build a home were temporarily postponed and he continued to work in Kentucky until 1946 when he took sick and died.

The questions for our determination are (1) was Bruce a resident of the State of Tennessee at the time of his death; and (2) did his widow, Gillie Bruce, by remaining in Kentucky after his death abandon her rights to homestead, exemptions and a year's support.

The record shows that Bruce and his wife at no time ever voted in Kentucky, but that they returned to Tennessee to their home precinct in Claiborne County to vote in the regular elections; that Bruce at no time ever considered himself a citizen of the State of Kentucky. He never at any time by expression or otherwise indicated that he intended to abandon his citizenship in Tennessee and become a citizen of Kentucky. About the only evidence of abandonment of his Tennessee citizenship is that he and his wife kept house at Chenoa, Kentucky, while working at his job, and that they used a part of his household furniture which he took from his farm.

It further appears that Robert Bruce had cleared a site on his farm where he intended to locate his residence; that he had made arrangements to purchase building materials, but was delayed on account of the conditions caused by the war. There is an abundance of evidence in the record which shows that deceased repeatedly stated his intentions to return to Tennessee, and that he never at any time showed any intention to change his residence from Tennessee to Kentucky. Under the above circumstances, we think that the Circuit Judge reached the proper conclusion that Robert Bruce was a resident of the State of Tennessee at the time of his death, and that he never did establish a domicile in Kentucky.

■■ A domicile once acquired remains one's domicile until another is established; and one's domicile is not established by the mere act of abiding at a particular place for a specific purpose, with no present intention of making it a permanent home. Brown v. Hows, 163 Tenn. 178, 42 S. W. (2d) 210; Howell v. Moore, 14 Tenn. App. 594; Denny v. Sumner County, 134 Tenn. 468, 184 S. W. 14, L. R. A. 1917A, 285; Sturdavant v. Sturdavant, 28 Tenn. App. 273, 189 S. W. (2d) 410.

■ It is insisted that the widow abandoned any right she might have had to a year's support, exempt property and homestead by her delay in asserting that right; that she took no interest in her deceased husband's estate and took no steps to have an administrator appointed therefor; that by continuing to live in Kentucky she abandoned any right she might have as a widow.

The record shows that shortly after Bruce's death, the petitioner and Albert Bruce proceeded to divide the estate after payment of the funeral expenses, as follows: $649.50 each, and Mrs. Bruce was given all of her husband's personal property which inventoried at $302.50, and $15.00 in money due her husband in earned wages from the Cairnes Coal Company at Chenoa, Kentucky. The foregoing included all the monies, crops, stocks, goods and chattels and personal property which the deceased owned when he died, except approximately $400.00 in war bonds, which the petitioner and the defendant agreed to divide equally, but instead she took the bonds back to Kentucky with her and retained them in her possession until ordered by decree of the County Court to turn them over to the Administrator, which was done.

Petitioner testified that since her husband's death she has been living with her daughter temporarily at Chenoa, Kentucky, and that it was her desire and intention to return to Claiborne County, Tennessee, but that her plans were indefinite; that she and her deceased husband always referred to Claiborne County as their home. No positive evidence was introduced to show that the petitioner intended otherwise.

■ Whether a widow has abandoned homestead of her husband is a mixed question of law and fact and largely dependent upon the intent of the parties. Coile v. Hud-

gins, 109 Tenn. 217, 70 S. W. 56; Hughett v. Hughett, 29 Tenn. App., 366, 196 S. W. (2d) 720.

■ Where a widow is entitled to exempt property and a year's support to be ascertained on the death of her husband, she is not compelled to make demand thereof immediately, and the statutory provision neither expresses nor implies any limit within which the application for allotment of the support is to be made. Vincent v. Vincent, 48 Tenn. 333, 344; Rhea v. Greer, 86 Tenn. 59, 66, 5 S. W. 595.

For reasons indicated, the judgment below will be affirmed at plaintiff in error's costs, the same to be paid out of the funds of the estate.

It appears that the petitioner has already received all of the personal property which she is entitled to under the law and the judgment will be modified to this extent. The case will be remanded to the County Court where the petitioner will be allotted homestead and a year's support, the latter to be assigned out of the personal property and monies now in the hands of the Administrator.

McAmis and Hale, JJ., concur.