Patti Ruth COKE,
Complainant-Respondent,

v.

Thomas McKellar COKE,
Defendant-Petitioner,

v.

MEMPHIS LIGHT, GAS AND WATER
DIVISION RETIREMENT AND PEN-
SION SYSTEM, Garnishee-Petitioner.

Court of Appeals of Tennessee,
Western Section.

Sept. 23, 1977.

Certiorari Denied by Supreme Court
Jan. 16, 1978.

William B. Bell, Jr., Memphis, for gar-
nishee-petitioner.

Murphy & Ashlock, Memphis, for defend-
ant-petitioner.

James O. Marty, Memphis, for complain-
ant-respondent.

MATHERNE, Presiding Judge (W. S.).

The circuit court judge approved execu-
tion by garnishment of payments due the
defendant Thomas McKellar Coke from the
pension fund administered by the garnishee
Memphis Light, Gas and Water Retirement
and Pension System and enjoined the gar-
nishee from making any future payments to
the defendant until further orders of the
court.

By separate petitions, the defendant and the garnishee petition this Court for common law writ of certiorari asserting that the money payable to the defendant from the pension fund is exempt from execution, attachment and garnishment under the provisions of T.C.A. § 26–206, which statute provides, as follows:

26–206. State pensions.—All moneys received by a resident of the state, as a pension from the state of Tennessee, or any subdivision or municipality thereof, before receipt, or while in this hands or on deposit in bank, shall be exempt from execution, attachment or garnishment, whether such pensioner is the head of a family or not. [Code 1932, § 7715.]

The complainant-respondent filed a motion in this Court for diminution of the record to include certain exhibits made a part of the record by the trial judge, which exhibits the complainant alleges establish as a fact that the defendant is not a resident of the state of Tennessee and that, therefore, the money payable to him from the pension fund is not exempt under T.C.A. § 26–206. The motion for diminution is granted and the exhibits are considered as being before this Court. These exhibits are copies of certain records of the Retirement and Pension System of M.L.G.&W. One exhibit shows the address of Mr. Coke as being 8476 East Chaparral Rd., Scotsdale, Arizona 85253. The complainant argues that this address renders Mr. Coke a non-resident of Tennessee as contemplated by T.C.A. § 26–206.

I.

The complainant-respondent Patti Ruth Coke obtained a divorce from the defendant Thomas McKellar Coke by decree dated May 28, 1976. That decree awarded judgment in favor of the complainant and against the defendant for $839.23 representing past due payments on a house note and unpaid alimony pending the lawsuit, plus $3,000 as attorney's fees. The decree also awarded $80.00 per month as alimony in futuro.

A garnishment was issued and served upon the M.L.G.&W. Retirement and Pension System on August 6, 1976. The garnishee answered that the judgment debtor was a retired employee of M.L.G.&W., and that he received a pension from the Retirement and Pension System of that agency. The pension is allegedly paid on the 15th and last days of each month as follows: on the 15th day of the month he is paid $255.61, less $14.26 deducted for insurance premiums, and on the last day of the month he is paid $255.61, less $156.78 deducted by M.L.G.&W. Federal Credit Union. The garnishee further answered that by virtue of T.C.A. § 26–206, the payments were exempt from garnishment.

A second garnishment was served on the garnishee on September 8, 1976.

On motion of the complainant, the trial court ruled on the status of the pension payments. The court held that the pension fund was not exempt from execution by "attachment, garnishment or otherwise." The court reasoned that under T.C.A. §§ 26–206 and 26–210 the legislature intended to protect the family, as well as a husband, from claims of third party creditors, and that it was not intended to shield the husband from claims for alimony and child support.

■ We disagree with the construction given these statutes by the trial judge. Section 26–206 clearly renders exempt from execution, attachment or garnishment all money received by a resident of the state as a pension from the state of Tennessee or any subdivision or municipality thereof. There is no question but that the pension fund under consideration falls within the exempt classification. T.C.A. § 26–210 states that "salary, wages or earnings" are subject to judgments and decrees for alimony and support payments, no mention is made of payments from pension funds of the type exempted by T.C.A. § 26–206. We further note that T.C.A. § 26–518 specifically permits the garnishment of the "salaries, wages or other compensation" due employees of the state or any county or municipality, thereby rendering those payments sub-

ject to Section 26–210. The language of T.C.A. § 26–206 is plain, clear and unambiguous. Under these circumstances the words of the statute as written will be given full effect and there is no need to resort to rules of construction in order to reach the legislative intent. *Insurance Company of North America v. Long* (1965), 215 Tenn. 642, 389 S.W.2d 245; *Turner v. Harris* (1955), 198 Tenn. 654, 281 S.W.2d 661. The courts must take such a statute as written; not as the court would have written it. *Jackson v. Jackson* (1948), 186 Tenn. 337, 210 S.W.2d 332.

## II.

The determinative issue is whether, under T.C.A. § 26–206, Thomas McKellar Coke is a resident of the state of Tennessee. On this issue the trial judge ruled, as follows:

The Court is of the further opinion that the issue of residency is not herein decided at this point, and the Court makes no determination of the defendant Thomas McKellar Coke's residency at this time.

We hold that the trial court erred in this respect. Under T.C.A. § 26–206, it was necessary to determine if Mr. Coke was a resident of Tennessee before it could be determined if the payments to him from the pension fund were subject to garnishment. If he is a resident of Tennessee, the payments are not subject to garnishment; if he is not a resident of Tennessee, those payments are subject to garnishment. The issue necessarily arises as to what the word "resident" means as used in T.C.A. § 26–206.

Legal residence means the same thing as domicile and a person may have two or more actual residences but only one domicile or legal residence. *Bearman v. Camatsos* (1964), 215 Tenn. 231, 385 S.W.2d 91. A domicile or legal residence once acquired by a person remains his domicile until another domicile is established. *Bruce v. Bruce* (1949), 32 Tenn.App. 222, 222 S.W.2d 228. As pointed out in *Keelin v. Graves* (1913), 129 Tenn. 103, 165 S.W. 232, there are many definitions of domicile which seem simple enough in form, but they are not easy to apply to the varying facts of cases as they arise. The Court in *Keelin* summarized, as follows:

We think the substance of our cases is that, in order to destroy the status of a party as the possessor of a domicile once acquired in this State, it must appear that he has removed into another State for the purpose of making it his home, and that his removal for purposes of business, though long continued, will not have the effect of changing his domicile, if he has the purpose of returning to this State upon the completion of the business, but that a mere floating purpose to return to [the] State at some time will not be sufficient to destroy the presumption that his change of residence imported also a change of domicile.

We conclude that the word "resident" as used in T.C.A. § 26–206 refers to legal residence or domicile, rather than actual residence. It would be extremely harsh to hold that a pensioner absent from the state for purposes other than the establishment of a legal residence or domicile in another state would thereby lose the benefits of the exemptions allowed a resident of the state. The fact that Mr. Coke has an address in Scotsdale, Arizona does not render him a legal resident of that state. A determination of Mr. Coke's domicile is essential to the proper application of T.C.A. § 26–206.

If Mr. Coke is domiciled in Tennessee the stay order should not have been issued because the pension payments would be exempt from garnishment. The administrators of the pension fund are before the court as garnishee only. That which is barred by direct attack, namely, subjecting these pension payments due a domiciliary of Tennessee to garnishment, may not be accomplished by injunction. T.C.A. § 26–206.

If Mr. Coke is not domiciled in Tennessee the stay order may or may not be valid. The contract or agreement between the pension fund and the beneficiaries thereunder is not in the record before this Court. There is no showing that the con-

tract was before the trial court. The test of the right of a judgment creditor to a judgment against a garnishee is the existence in the judgment debtor of a right to sue the garnishee and recover the sum or property sought to be subjected to garnishment. *J. C. Mahan Motor Co. v. Lyle* (1934), 167 Tenn. 193, 67 S.W.2d 745; *Dickson v. Simpson* (1938), 172 Tenn. 680, 113 S.W.2d 1190. Absent the contract between the debtor, Mr. Coke, and the garnishee pension fund, neither the trial court nor this Court can know the rights that Mr. Coke could have asserted against the garnishee. For these reasons also the injunction was improvidently granted.

The petitions for certiorari are granted and the assignments of error are sustained. The judgment of the trial court is reversed and the injunction or stay order is dissolved. The garnishments levied are enforceable if the proof should establish that the judgment debtor, Thomas McKellar Coke, was not domiciled in the state of Tennessee on the dates that the garnishments were levied. Should the proof establish that on those dates Mr. Coke was domiciled in Tennessee, the garnishments will be dismissed. This lawsuit is remanded to the Circuit Court sitting in Shelby County, Tennessee for further proceedings as the law directs. The cost in this Court is adjudged against the complainant-respondent, Patti Ruth Coke.

NEARN, J., and THOMAS, Special Judge, concur.