**GLOBAL TRUCK & EQUIPMENT, INC., Appellant,**

**v.**

**Rodolfo PLASCHINSKI and Napoleon Ochoa Anaya, Appellees.**

No. B14–84–226–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 29, 1984.

J. Patrick Coulson, W.J. Coulson, Jr. & Associates, Houston, for appellant.

Mark D. Wilson, Wesley & Wilson, Houston, for appellees.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is a writ of error proceeding. Appellant, Global Truck & Equipment, Inc., a Texas corporation, attacks the default judgment entered against it on five grounds. We reverse.

In points of error one, two, and three appellant claims that the trial court erred in rendering a default judgment because the recitals and statements found in the certificate of the Secretary of State do not establish the fact of valid issuance and return of citation on appellant, the record fails to disclose an address of appellant's registered office, and the record fails to disclose that appellant's registered agent could not with reasonable diligence be found at a registered office. In points of error four and five appellant claims that the trial court erred in not granting his motion for new trial because appellee's failure to attempt service on appellant at an address where appellees knew appellant could be found violated appellant's due process of law under the Fourteenth Amendment of the United States Constitution and appellant had a meritorious defense and its failure to answer was not intentional or the result of conscious indifference but was due to accident or mistake. We will reverse upon the basis of appellants' first three contentions, and it will therefore be unnecessary to consider the other contentions.

On March 30, 1983, appellees, Rodolfo Plaschinski and Napoleon Ochoa Anaya, filed suit against appellant, a Texas corporation, for breach of contract, or in the alternative, for recission of the contract. Appellees alleged that they paid $13,200.00 as a deposit for four (4) 1974 Ford LT 9000 Dump Trucks. In their petition, they stated that appellant did not deliver the trucks and asked for the return of their deposit, interest, and attorney's fees. Service of process was first attempted on the registered agent Billy R. Parish at 5656 San Felipe, # 3, Houston, Texas, 77027. The constable was unable to serve the agent. The constable's return indicates that ser-

vice was attempted five separate times and that citation was returned for substitute service. Based upon the constable's affidavit, an alias citation was issued for appellant which directed that it be served on appellant by serving the Secretary of State. The officer, from Travis County, Texas, made a return on this citation dated July 5, 1983, which reads "by delivering to Global Truck and Equipment, Inc. by delivering to John W. Fainter, Jr. Secretary of State, of Texas as agent for service...."

There is also in the record a certificate from the Secretary of State stating that two copies of the citation and petition were served upon the Secretary of State on July 5, 1983. The certificate showed that a copy was forwarded by certified mail on July 5, 1983, to "Global Truck & Equipment, Inc., Billy R. Parish, Registered Agent, 5656 San Felipe, # 3, Houston, Texas, 77027, in accordance with Tex.Bus.Corp.Act.Ann. art. 211 (Vernon 1980)." It also showed that the citation was returned to this office on July 20, 1983, bearing the notation, "Forwarding Order Expired." On September 16, 1983, a default judgment was entered against appellant for the sum of $13,200.00 plus legal interest of $2,376.00 and attorney's fees of $500.00.

Appellant asserts that the trial court erred in rendering the default judgment for three different reasons: the certificate of the Secretary of State does not show valid issuance and return of citation on appellant; the record fails to disclose an address of appellant's registered office; the record fails to disclose that appellant's registered agent could not with reasonable diligence be found at a registered office. In sum, appellant is challenging the sufficiency of service since appellee has failed to comply with the statutory prerequisites of Tex. Bus.Corp.Act.Ann. art. 2.11 (Vernon 1980). Article 2.11 provides:

A. The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law

to be served upon the corporation may be served.

B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any process, notice, or demand shall be made by delivering to and leaving with him, or with the Assistant Secretary of State, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office ...

■ The Secretary of State, under the provision of art. 2.11(B) must forward such process by registered mail to the registered agent at the registered corporate office. The fact that the statute requires the Secretary to perform the acts does not support the presumption that a certain address is the registered office where a direct attack is made on a default judgment. *Travis Builders v. Graves*, 583 S.W.2d 865, 867 (Tex.Civ.App.—Tyler 1979, no writ).

Presumptions are usually made in support of a judgment and these include presumption of proper service of citation when the judgment so recites. However, no such presumption is made in a direct attack on default judgment.

■ Jurisdiction, in an action based on substituted service of process must affirmatively appear on the face of the record. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). In fact, if the jurisdiction does not appear on the face of the record, the judgment must be reversed. *Travis Builders, Inc.* 583 S.W.2d at 867 citing *Hano-*

*ver Modular Homes of Taft, Inc. v. Corpus Christi Bank & Trust*, 476 S.W.2d 97 (Tex.Civ.App.—Corpus Christi 1972, no writ). "In order to uphold a default judgment against attack based upon a claim of invalid service of process, it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service of process." *Charles Cohen, Inc. v. Adams*, 516 S.W.2d 464, 465 (Tex.Civ.App.—Tyler 1974, no writ).

■ Appellant alleges that the requisite jurisdictional facts do not appear on the face of the record. The original petition simply alleges that Billy R. Parish is appellant's registered agent, and does not allege that 5656 San Felipe, # 3, Houston, Texas, 77027, is the address of appellant's registered office. There is no allegation concerning the registered office in the Secretary of State's certificate. In fact the allegation is missing from the entire record. The allegation that the address was appellant's registered office was missing from the record in *Travis Builders, Inc.*, 583 S.W.2d 865, and the court found that the record did not support the default judgment. In *Charles Cohen, Inc.*, 516 S.W.2d 464, 466, the court held that when serving a resident corporation the record must show on its face that reasonable diligence was used in seeking service upon the president, the vice-president, or the registered agent *at the address of the registered office* of the corporation. This means in our case that the record must show on its face that appellant's president, vice-president, or registered agent was served at the registered office address of the corporation. It is undisputed that the record shows that Billy R. Parish is the registered agent of appellant. The record as it existed at entry of judgment, however, did not show that 5656 San Felipe, # 3, Houston, Texas, 77027 is the address of the registered office.

■ Appellees contend that the registered address of appellant does appear on the face of the record since the designation appears in the Response and Supplemental

Response to the Motion for New Trial. We disagree. We have held before that a document not filed or offered into evidence prior to entry of judgment is not a matter appearing on the face of the record and the court was not authorized to consider it. *Tankard-Smith, Inc., General Contractors v. Thursby*, 663 S.W.2d 473, 476 (Tex. App.—Houston [14th Dist.] 1983, writ dism'd). Additionally, a judgment cannot be validated with proof of service supplied in a hearing on the motion for new trial. When the trial court does not have jurisdiction over the person of the appellant at the time of the entry of the default judgment, the lack of jurisdiction could not then be cured by proof of service that was introduced after the entry of the judgment. *Prine v. American Hydrocarbons, Inc.*, 519 S.W.2d 520, 522 (Tex.Civ.App.—Austin 1975, no writ). We cannot consider the documents filed in connection with the Motion for New Trial, and we find that the address of the registered office does not appear on the face of the record. Therefore, the record does not show a strict compliance with article 2.11, and we cannot uphold the default judgment. *Charles Cohen, Inc.*, 516 S.W.2d 464.

We find that appellant was not properly subjected to the jurisdiction of the trial court under the attempted substituted service.

■ Since appellant appeared to attack the judgment, he is presumed to have made his appearance to the term of court at which the mandate shall be filed. TEX.R. CIV.P. 123. Therefore, the judgment is reversed and the cause is remanded to the trial court for a trial on the merits.

PAUL PRESSLER, J., not participating.