IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

**ANDREA Y. JOHNSON,**

    Plaintiff-Appellee,

Vs.

**CLINISSON A. JOHNSON,**

    Defendant-Appellant.

Shelby Circuit No. 127514 R.D.
C.A. No. 02A01-9608-CH-00194

**FILED**

**July 31, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

THE HONORABLE JOE C. MORRIS, CHANCELLOR
Sitting By Designation


Mimi Phillips; Phillips, Howard & Grubb of Memphis
For Appellee

A. C. Wharton, Jr.; Wharton & Wharton & Associates of Memphis
For Appellant


*AFFIRMED*

Opinion filed:


                                        **W. FRANK CRAWFORD,**
                                        **PRESIDING JUDGE, W.S.**


**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**


    This appeal involves a post-divorce petition.  Defendant, Clinisson A. Johnson

(Husband), appeals from the judgment of the trial court ordering the immediate payment of

Husband's pension awarded in the trial court's prior distribution of the marital property and awarding attorney's fees to plaintiff, Andrea Y. Johnson (Wife).

The parties were divorced by final decree entered April 17, 1990, ending a marriage of sixteen years. The divorce was granted to both parties on the grounds of irreconcilable differences. The parties entered into a marital dissolution agreement, which was approved and incorporated into the final decree by the trial court.

During the marriage, the parties owned a residence valued at $75,000.00, household furnishings worth approximately $2,000.00, and two cars with an undisclosed value. Pursuant to the martial dissolution agreement, Wife was entitled to purchase Husband's equity in the residence, and after consummation of the sale, Wife was to become the sole owner of the residence. She was also responsible for both mortgages. Wife was awarded one of the automobiles and the household furnishings in the residence. Husband was awarded his personal property in his separate residence and the other automobile.

Husband is employed by the Shelby County Government. It appears from the record that Husband's monthly take home salary is $4,795.35. Wife's net monthly income is $1,520.00. Wife has custody of the parties' three minor children.

The parties each filed multiple petitions for contempt against the other at various stages of the divorce proceedings. The parties appeared before the trial court numerous times, both before and after the entry of the final decree of divorce. Finally, on June 26, 1995, Wife filed a petition titled "Petition to Reduce Claim to Final Judgment for Breach of Contract." In the petition, Wife alleges that Husband failed to pay her the one-half of his pension that she was awarded pursuant to the marital dissolution agreement. She claims that she is entitled to $4,424.06 from Husband's pension and that she is owed interest on that amount at the rate of $1.21 per day.

The marital dissolution agreement states in pertinent part:

> The Second Party (Husband) is the owner of a pension vested by
> way of his employment with the City of Memphis and Shelby
> County Government. It is agreed that the party of the first party
> [sic] (Wife) is entitled to ½ the value of this pension as of April
> 11, 1990 and that said entitlement shall be based upon the period

2

of marriage of the parties May 5, 1973 to April 10, 1990, with said benefits being based only on those that accrued during the term of the marriage. First Party waives and relinquishes any claim or rights of any type to the other ½ of the Second Party's interest in his pension.

After a hearing on January 26, 1996,[1] the trial court entered an order in favor of Wife. In its order, the trial court found, *inter alia*, that Wife was entitled to $4,424.06 of Husband's Shelby County Government Pension that was awarded originally in the marital dissolution agreement. The trial court also awarded interest in the amount of $1.21 per day. In the order, the trial court stated in pertinent part:

> [T]he Court specifically finds that the Plaintiff became entitled to receive the portion of Defendant's pension awarded to her at the time the Final Decree of Divorce was entered, and, accordingly, that she is also entitled to interest on the principal amount from and after April 17, 1990, the date on which the Final Decree of Divorce was entered, as is more specifically set. The Court specifically finds that simple interest on the principal amount has accrued at the rate of $1.21 a day, and that as of January 26, 1996 judgment has accrued in the amount of $2,493.12, for a total judgment of principal and interest of $6,917.18.

The trial court also awarded attorney's fees, incurred from February 1994 until the date of the hearing in the amount of $7,010.29, to Wife that she paid "to secure the Defendant's compliance with Orders of this Court."

Husband appeals the judgment of the trial court and presents two issues for review: 1) whether the trial court erred by ordering the immediate payment of Husband's pension benefits to Wife, and 2) whether the trial court erred in awarding attorney's fees to Wife.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court.

---

[1] The trial court heard arguments concerning other petitions, as well as Wife's June 26, 1995 petition. The only issues relevant to this appeal concern Husband's pension and the award of attorney's fees.

3

Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

In his first issue, Husband does not dispute that Wife is entitled to one-half of his pension pursuant to the marital dissolution agreement, and he concedes that pension benefits are marital property. *See* T.C.A. § 36-4-121(b)(1)(B) (1996); ***Cohen v. Cohen***, 937 S.W.2d 823, 830 (Tenn. 1996). However, Husband argues that Wife is not entitled to an immediate distribution of one-half of his pension benefits. First, Husband argues that Tennessee courts recognize two methods of valuing and distributing pensions and that the trial court in this case used the wrong method. In ***Cohen***, the Tennessee Supreme Court discussed the valuation and distribution of pension benefits:

> The difficulty in dividing future benefits is aided by the use of elastic, equitable approaches. Most courts use one of two techniques. The first approach, known as the present cash value method, requires the trial court to place a present value on the retirement benefit as of the date of the final decree. To determine the present cash value, the anticipated number of months the employee spouse will collect the benefits (based on life expectancy) is multiplied by the current retirement benefit payable under the plan. This gross benefit figure is then discounted to present value allowing for various factors such as mortality, interest, inflation, and any applicable taxes. Once the present cash value is calculated, the court may award the retirement benefits to the employee-spouse and offset that award by distributing to the other spouse some portion of the marital estate that is equivalent to the spouse's share of the retirement interest. The present cash value method is preferable if the employee-spouse's retirement benefits can be accurately valued, if retirement is likely to occur in the near future, and if the marital estate includes sufficient assets to offset the award.
>
> In other circumstances in which the vesting or maturation is uncertain or in which the retirement benefit is the parties' greatest or only economic asset, courts have used the "deferred distribution" or "retained jurisdiction" method to distribute unvested retirement benefits. This method has distinct advantages when the risk of forfeiture is great. Under such an approach, it is unnecessary to determine the present value of the retirement benefit. Rather, the court may determine the formula for dividing the monthly benefit at the time of the decree, but delay the actual distribution until the benefits become payable. The marital property interest is often expressed as a fraction or a percentage of the employee spouse's monthly benefit. The percentage may be derived by dividing the number of months of the marriage during which the benefits accrued by the total number of months during which the retirement benefits accumulate before being paid.
>
> One advantage to the deferred distribution method is that it allows an equitable division without requiring present payment for a benefit not yet realized and potentially never obtained. Another advantage to the approach is that it equally apportions

any risk of forfeiture. While a disadvantage may be that the approach requires a trial court to retain jurisdiction to oversee the payment, the entry of an order awarding a certain percentage of the benefits at the time of payment should lessen the administrative burden of the court. Courts routinely retain jurisdiction to supervise payments of alimony and child support and have, in the past, successfully divided vested pension rights by awarding each spouse a share. An administrative burden should not excuse an inequitable distribution of marital property.

*Cohen*, 937 S.W.2d at 831 (citations omitted).

Husband argues that the marital estate has been overextended and that there are insufficient funds from which to offset an immediate judgment of one-half of his pension. He asserts that the distribution of the pension benefits should be in accordance with the "delayed distribution" or "retained jurisdiction" method.

The choice of valuation method remains within the sound discretion of the trial court to determine after consideration of all relevant factors and circumstances. *Cohen*, 937 S.W.2d at 831. We believe that the trial court properly exercised its discretion in choosing the "present cash value" method. First, vesting or maturation of Husband's pension is certain, and the parties easily determined the present value of the pension benefits at the time of the divorce. The pension benefits were accurately valued at $8,848.12, with Wife's one-half share as $4,424.06. In addition, the pension benefits are not the parties' only or greatest asset. We believe that, in light of Husband's monthly net income, there are sufficient funds from which to offset an immediate judgment of the pension.

Husband next argues that state pension benefits are protected from execution, attachment, or garnishment by statute. T.C.A. § 26-2-104 (a) provides as follows:

All moneys received by a resident of the state, as pension from the state of Tennessee, or any subdivision or municipality thereof, before receipt, or while in his hands or upon deposit in the bank, shall be exempt from execution, attachment or garnishment other than an order for assignment of support issued under § 36-5-501, whether such pensioner is the head of a family or not.

T.C.A. § 26-2-104 (a) (Supp. 1996). Husband argues that the trial court subjected his pension funds to "execution, attachment or garnishment" because he has no other funds from which to satisfy the judgment. He asserts that the trial court did not order him to "cash out or borrow against" his pension, and therefore, he is protected by statute.

In *Boyd v. Boyd*, No. 02A01-9210-CH-00294, 1993 WL 8379 (Tenn. App. Jan. 20,

1993), this Court considered the effect of T.C.A. § 26-2-104(a) on the distribution of pension benefits in a divorce action:

> The statute clearly renders exempt from execution, attachment or garnishment all money received by a resident of the state as a pension from the State of Tennessee. *Coke v. Coke*, 560 S.W.2d 631 (Tenn. App. 1977). However, we do not construe the statute to mean that the court in a divorce action is prohibited from making an award to the other spouse. T.C.A. § 36-4-121(b)(1)(B) does not exclude a state employee's pension from the definition of marital property.

*Boyd*, 1993 WL 8379, at *2. The Court found that the evidence did not preponderate against the trial court's findings and allowed the distribution. *Id.* However, the distribution was not to be made until the husband's retirement. *Id.*

In *Malik v. Malik*, No. 02A01-9604-CH-00070, 1996 WL 560257 (Tenn. App. Oct. 3, 1996), this Court again considered T.C.A. § 26-2-104(a). The *Malik* Court followed the holding in *Boyd* and stated:

> We agree with both the analysis and the conclusion of the *Boyd* decision. Tennessee Code Annotated § 26-2-104(a) prohibits the "execution, attachment, or garnishment" of state pension funds. In this case, however, the trial court ordered husband to cash out and/or borrow against such funds. Thus, the funds were not subject to "execution, attachment, or garnishment," or any other judicial process.

*Malik*, 1996 WL 560257, at *3. This Court affirmed the trial court's order for the husband to cash out or borrow against his pension fund to pay the wife her share of the pension fund from the division of the marital assets. *Id.*

In this case, Husband argues that *Malik* is distinguishable because the trial court did not order him to "cash out" or "borrow against" his pension fund, but instead subjected the pension benefits to "execution, attachment or garnishment." We do not believe that *Malik* requires the trial court to use such magic language to overcome T.C.A. § 26-2-104(a). In that case, the wife did not have to wait until the husband's retirement to receive her share of his pension. *Malik*, 1996 WL 560257, at *2. In this case, the trial court stated, "[T]he Court specifically finds that the Plaintiff became entitled to receive the portion of Defendant's pension awarded to her at the time the Final Decree of Divorce was entered."

We do not believe that the trial court subjected Husband's pension benefits to "execution, attachment or garnishment." The trial court's order clearly states that Wife was entitled to

receive her share of the pension at the time the final decree was entered. We interpret the trial court's order to mean that Husband must pay that amount, $4,424.06, to Wife and should have done it at the time the divorce became final. Husband may have to cash out or borrow against the pension fund, but the pension is not subject to "execution, attachment or garnishment."

Husband next argues that the trial court provided no factual basis for the order of immediate payment of the pension benefits. Husband argues that it is inequitable for the Wife to enforce and add to the marital dissolution agreement six years after its entry. Husband also argues that the trial court made the order without taking into consideration the relevant factors in T.C.A. § 36-4-121(c).

We believe that the trial court was called upon to interpret the marital dissolution agreement that was part of the final decree of divorce. The trial court did not need a factual basis to determine whether, as a matter of law, Wife was entitled to the pension benefits immediately or upon Husband's retirement. For the same reasons, the trial court did not have to consider the factors in T.C.A. § 36-4-121(c). Those are the factors that the trial court considered in making the equitable division in the first place. They have no bearing on when the equitable division is payable. We disagree with Husband that it is inequitable to enforce a six-year-old marital dissolution agreement. The trial court found that Husband should have paid Wife's share of the pension benefits six years ago, and because Husband owes Wife $4,424.06, there is nothing inequitable in enforcing the agreed upon division of the marital property.

In conclusion, the trial court did not abuse its discretion by applying the "present cash value" method, and the evidence does not preponderate against the trial court's findings. Wife is entitled to $4,424.06 of Husband's pension benefits, plus interest as awarded by the trial court.

In his second issue, Husband contends that the trial court erred in awarding Wife $7,010.29 in attorney's fees. He argues that he is in no better financial position than Wife to pay her attorney's fees. Instead, he asserts that, in the interest of equity, each party should be held responsible for his or her own attorney's fees.

The law in Tennessee is clear that the trial court has wide discretion in awarding attorney's fees, and unless the evidence preponderates otherwise, the award will not be disturbed on appeal. *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. App. 1995). An award of attorney's fees is appropriate only when the spouse seeking them lacks sufficient funds to pay his or her

own legal expenses or would be required to deplete his or her resources in order to pay these expenses. ***Brown v. Brown***, 913 S.W.2d 163, 170 (Tenn. App. 1994).

As stated previously, the record shows that Husband's net monthly income is $4,795.35, and Wife's net monthly income is $1,520.00. In the case at bar, we believe that Husband has the ability to pay the award, and we cannot say that the evidence preponderates against the award of attorney's fees to Wife.

Accordingly, the judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed against the appellant.