IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 3, 2002 Session

## ANN S. WING v. ESTATE OF JAMES E. WING, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 96D-1174     Marietta Shipley, Judge**

_____

**No. M2001-01598-COA-R3-CV - Filed April 14, 2003**

_____

The Circuit Court of Davidson County ordered the husband involved in a divorce to pay $230 per week in support payments to the wife after the husband retired from the Metropolitan Government of Nashville and Davidson County. When the husband retired he elected to receive guaranteed payments for 120 months and designated his daughter as the beneficiary to receive the payments if he died within the 120 month period. The court then modified its prior order to provide that the payments were a division of the husband's pension from the Metropolitan Government of Nashville and Davidson County. After the husband's untimely death, the court ordered the Metropolitan Government and/or the husband's daughter who had been made the beneficiary of the pension to make the payments. Because we find that the court lacked personal jurisdiction over Metro and the daughter, we reverse the court's order and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and J.S. DANIEL, SP. J., joined.

Markley Runyon Gill, Erin, Tennessee for the appellants Estate of James E. Wing and Kathy Parchman.

Karl F. Dean, Daniel W. Champney, Michael B. Bligh and John L. Kennedy, Nashville, Tennessee for the appellant, Metropolitan Government of Nashville and Davidson County.

Clark Lee Shaw and Richard E. Norman, Nashville, Tennessee, for appellee, Ann S. Wing.

Paul G. Summers, Attorney General and Reporter; Stuart F. Wilson-Patton, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**I.**

Mr. and Mrs. Wing were divorced by the court on December 23, 1996. The decree was entered on December 26, 1996 and contained the following paragraph:

It is FURTHER ORDERED, ADJUDGED AND DECREED that wife's pendente lite support shall continue until such time as Husband actually enters retirement. Once Husband is retired and receiving no other funds from Metropolitan Government of Nashville, Wife's pendente lite support shall be reduced to $230 per week.

The court also set another hearing at which all the other issues would be resolved. On June 4, 1997 the court entered a memorandum and order dividing the marital property. The Memorandum recited that "The court originally granted the divorce on December 23, 1996 to Ms. Wing and awarded Ms. Wing alimony in the amount of $260 per week until Mr. Wing retired. Thereafter the amount would be $230 per week."[1]

On the same day, Mr. Wing retired and elected to receive a definite amount in 120 monthly payments. He designated his daughter, Kathy Parchman, as the person to receive the payments in the event of his death within the 120 month period.

It is not clear what happened next, but on December 16, 1997 the court entered an order responding to Mrs. Wing's request for various actions. The critical parts of the order for present purposes are (1) the denial of Mrs. Wing's motion for one-half of the pension, and (2) the following provision with respect to that subject:

IT IS FURTHER ORDERED, that the Complainant will receive $230.00 per week, or $996.67 per month, as her share of Defendant's Metropolitan Government Pension Plan. This amount represents a division of property in lieu of an award of ongoing spousal support to Complainant.

Mr. Wing died on June 3, 1998 and a suggestion of death was filed with the court on August 5, 1998.

On December 14, 1998, Mrs. Wing filed a motion under Tenn. R. Civ. P. 60 to alter the judgment entered on December 26, 1996. The motion stated that because of oversight, omission, excusable neglect, mistake, or inadvertence the order awarded her alimony instead of a part of Mr.

---

[1] Mrs. Wing appealed the final judgment of the trial court, but the appellate court dismissed the appeal when it learned that Mr. Wing had died in June of 1998. We do not think the appeal and subsequent dismissal has any effect on the issue of Mr. Wing's pension.

Wing's pension as her share of the marital property.[2] Ms. Parchman, as the personal representative of the estate of James Wing, made a limited appearance to contest the jurisdiction of the court to grant the Rule 60 relief. Mrs. Wing then moved to add the Metropolitan Government of Nashville and Davidson County (Metro) and Ms. Parchman as party defendants. Both Metro and Ms. Parchman objected to the joinder. The court originally denied the joinder and substituted Mr. Wing's estate as the party in interest.

The proceedings languished while Mrs. Wing and Ms. Parchman sought an interlocutory appeal, but the case got back on track in 2001 when the court again substituted Mr. Wing's estate for Mr. Wing. On May 16, 2001 the court entered a memorandum opinion and order reciting that the court intended to award part of the pension to Mrs. Wing as a division of property. Therefore, the court ordered Metro to pay $230 per week to Mrs. Wing or, in the alternative, to pay the entire amount to Ms. Parchman who, in turn, would pay the $230 per week to Mrs. Wing. The court concluded: "If such a judgment requires the joinder of either Metro Legal [sic] or Kathy Parchman, the court will reconsider its denial of joinder of parties." The court followed that observation by ordering the joinder in July of 2001.

## II.

Once the trial court finally entered an appealable judgment in this case, all the parties ran off in different directions. Ms. Parchman insists that Mrs. Wing waited too long to revive the case against Mr. Wing's estate. Metro asserts that the court committed reversible error by ordering it to pay the pension to someone other than the named beneficiary. Mrs. Wing attacks Tenn. Code Ann. § 26-2-105 as unconstitutional. The Attorney General responds that the constitutionality of the statute cannot be raised on appeal since it was not raised in the trial court.

It is not clear to us what Mr. Wing's estate has to do with this controversy. It is true that Mrs. Wing filed a claim with the estate asserting that she was entitled to a portion of the pension and the probate court transferred that claim to the circuit court for disposition. But since a pension from a Tennessee municipality is exempt from execution, Tenn. Code Ann. § 26-2-105, the pension is not an asset of the estate. Tenn. Code Ann. § 30-2-305. Therefore, the whole revivor issue is much ado about nothing.

As we view this case, the issues can be boiled down to two fairly simple inquiries: (1) Is the trial court's May 16, 2001 order requiring Ms. Parchman and/or Metro to take specific actions void because of the court's lack of jurisdiction over either of them? and (2) Can the court order Metro to pay part of the pension to Mrs. Wing?

---

[2]The motion apparently overlooked the modification made in the December 16, 1997 order.

**A.**

Jurisdiction over the person of the defendant must be obtained before the court has the power to bind the defendant by an in personam order. *Young v. Kittrell*, 833 S.W.2d 505 (Tenn. Ct. App. 1992). Personal jurisdiction is obtained by the service of process or by the voluntary appearance of the party in the progress of the cause. *Dickson v. Simpson*, 113 S.W.2d 1190 (Tenn. 1938). Both Ms. Parchman and Metro objected to being made parties and the court originally sustained the objection. But without any further process being served, the court ordered them to take steps necessary to see that Mrs. Wing received part of the pension. We think the court's order is void because of a lack of jurisdiction over Metro or Ms. Parchman.

What was the effect of the court's subsequent joinder of Metro and Ms. Parchman? The general rule is that a void judgment cannot be cured by subsequent proceedings. *See* 46 Am. Jur. 2d *Judgments* § 32. "When the trial court does not have jurisdiction over the person of the appellant at the time of the entry of the . . . judgment, the lack of jurisdiction could not then be cured by proof of service that was introduced after the entry of the judgment." *Global Truck & Equipment, Inc. v. Plaschinski*, 683 S.W.2d 766, 769 (Tex. App. 1984); *see also Troup County Board v. Public Finance Corp.*, 136 S.E.2d 509 (Ga. Ct. App. 1964). We conclude, therefore, that the subsequent proceedings had no effect on the invalid judgment.

**B.**

The General Assembly has decreed that a pension from the state or any subdivision or municipality thereof shall be exempt from execution, attachment, or garnishment – except for a wage assignment for support issued under Tenn. Code Ann. § 36-5-501. *See* Tenn. Code Ann. § 26-2-105. The Nashville Metropolitan Code has a similar provision. *See* Section 3.08.180 Metropolitan Code of Laws.

In its original form Tenn. Code Ann. § 26-2-105 exempted pension plans from all executions, attachments or garnishments. *See Coke v. Coke*, 560 S.W.2d 631 (Tenn. Ct. App. 1977). Therefore, pensions could not be reached to collect alimony. *Id.* In 1988 the General Assembly provided that the pension could be reached to provide "support . . . under § 36-5-501." That remains the only exception, however; therefore, the pension cannot be assigned to a spouse as a division of property. So, even with jurisdiction over Metro it would be an error to order Metro to divide the pension.

That is not to say that a pension or retirement benefit is not a part of the marital property. *See* Tenn. Code Ann. § 36-4-121. Therefore, where one of the parties to a divorce has a pension that accrued during the marriage, the courts are hard pressed to make an equitable division of the property where the other assets are limited. But one way to divide a pension is to order the recipient to pay part of it to the other spouse. *See Boyd v. Boyd*, No. 02A01-9210-CH-00294, 1993 WL 8379 (Tenn. Ct. App. Jan. 20, 1993). That is apparently what the trial court intended to do in this case, but as we have noted, the order cannot bind Ms. Parchman because she was not a party to it. On remand, after

Ms. Parchman is served or enters an appearance, she is entitled to be heard on the question of whether the court can legally order her to make the payments to Ms. Wing.

### III.

Finally, we agree with the Attorney General that we cannot reach the constitutionality of Tenn. Code Ann. § 26-2-105 since it was not raised in the court below and the Attorney General was not notified in accordance with Tenn. R. Civ. P. 24.04. *See Lawrence v. Stanford*, 655 S.W.2d 927 (Tenn. 1983).

The court's order attempting to bind Ms. Parchman and Metro is reversed and Metro is hereby dismissed as a party. The cause is remanded to the Circuit Court of Davidson County for further proceedings. Tax the costs on appeal to Mrs. Wing.

 

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.