IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2005 Session

## SONYA RENEE VADEN AUSLEY v. DEMPSEY RENEA AUSLEY, JR.

**Direct Appeal from the Chancery Court for Sumner County**
**No. 2002D-546     C. L. Rogers, Chancellor**

_____

**No. M2004-01360-COA-R3-CV - Filed September 8, 2005**

_____

This appeal involves an alimony award granted by the trial court to Plaintiff Sonya Ausley. While the divorce in this case was pending, the trial court ordered Defendant to pay $17,000 to the Clerk and Master of the court after Defendant willfully refused to pay temporary support and further disposed of a $34,000 social security disability settlement in violation of court order. The trial court later granted Plaintiff $5775 from the funds as temporary support. In the final divorce decree, the trial court awarded Plaintiff the remaining $11,225 balance as lump sum transitional alimony. Defendant appeals, arguing that 1) the trial court erred in failing to classify Defendant's social security benefits as marital or separate prior to ordering its division, 2) the trial court's order that Defendant pay half of his social security benefits into the Clerk and Master constituted in improper presumption that such benefits were marital property, and 3) that Defendant's social security benefits were exempt from garnishment under Tenn. Code Ann. § 26-2-111. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Marc A. Walwyn, Madison, Tennessee, for the appellant, Dempsey Renea Ausley, Jr.

Louis W. Oliver, III, Hendersonville, Tennessee, for the appellee, Sonya Renee Vaden Ausley.

**OPINION**

**Factual Background and Procedural History**

Plaintiff Sonya Ausley ("Plaintiff") filed for divorce from Defendant Dempsey Ausley ("Defendant") on December 27, 2002, in the Chancery Court ("trial court") for Sumner County, Tennessee. On May 21, 2003, Plaintiff filed a motion requesting alimony and a one-half division of a $34,000 lump sum social security disability settlement ("disability settlement") paid to

Defendant, arguing that the disability settlement constituted compensation for "past social security benefits which accrued during the marriage of the parties, and in which [Plaintiff had] a marital interest." Defendant filed no response to the motion. The trial court issued an order granting Plaintiff temporary support and also barring Defendant from disposing of assets, including the disability settlement, until the court could hold a final hearing. However, Defendant violated this order by transferring the disability settlement to his children and refusing to pay Plaintiff any temporary support. As a result, the trial court found Defendant in contempt and placed him in jail for thirty days, conditioning release upon the payment of alimony arrearages as well as Defendant placing $17,000 in escrow with Plaintiff's attorney.[1] The court later released Defendant from jail on condition that he place $17,000 in escrow with the Clerk and Master of the court.

On November 26, 2003, Plaintiff filed a motion requesting the trial court to allow her to execute against the funds held by the Clerk and Master in order to satisfy an alimony arrearage owed by Defendant and to also pay *pendente lite* attorney fees. The court granted Plaintiff's motion and ordered that Plaintiff receive $5775 "as alimony and support." The trial court later entered a final divorce decree dividing marital property, whereby it held that

> [a]s equitable division of marital property and debts, the Court finds that [Plaintiff] shall receive as her division of marital property her 1993 Lincoln, the wall arrangement, the white rocking chair, the bread and potato bin and the brown chest. [Defendant] shall receive all the remainder of household items, furniture and vehicles currently in his possession.

The trial court also awarded Plaintiff the remaining $11,225 balance held by the Clerk and Master as transitional alimony. Defendant now appeals.

### Issues Presented

Defendant presents the following issues for our review:

I. The trial court erred as a matter of law in not classifying [Defendant's] social security benefits as either separate or marital property prior to ordering its division.

II. The [trial] court's order that Mr. Ausley pay half of his social security benefits ($17,000) to his wife's attorney to be held in escrow was an improper presumption of Mr. Ausley's benefits as marital property.

---

[1] Based on the record, the trial court only required that Defendant pay $17,000 to the Clerk and Master. The court never specified from where such funds were to come. However, Defendant asserts in his brief to this Court that the money constituted half of his disability settlement.

III.    [Defendant's] social security benefits [are] exempt from garnishment as a matter of law [under] Tenn Code Ann. § 26-2-111.

For the reasons set forth below, we affirm the trial court on all issues.

**Standard of Review**

In matters heard by a trial judge sitting without a jury, our review of the trial court's findings of fact is *de novo* upon the record, accompanied by a presumption of correctness. Tenn. R. App. P. 13(d) (2005). We will not reverse the trial court's factual findings unless the evidence in the record preponderates against those findings. *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). A trial court's conclusions on questions of law are reviewed *de novo*, but without any presumption of correctness. *Id.* (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993)).

**Classification of Defendant's Disability Settlement**

We will address Defendant's issues I and II together, since both ultimately deal with the trial court's classification and treatment of Defendant's disability settlement. As stated earlier, Defendant argues that the trial court erred in failing to formally classify the disability settlement as either marital or separate property before ordering its division. Defendant further asserts that the trial court's order that he place $17,000, approximately half of the total disability amount, into escrow evidences that the trial court improperly treated the settlement as marital property. We disagree.

Tennessee is a "dual property" state and thus draws a distinction between separate and marital property. *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). As a result, it is of primary importance for trial courts to classify property as either separate or marital because Tennessee statutes only allow for a division of marital property upon the dissolution of a marriage. Tenn. Code Ann. § 36-4-121(a)(2001); *Brock v. Brock*, 941 S.W.2d 896, 900 (Tenn. Ct. App. 1996). Although courts should expressly classify property before a final division, such classification may be inferred in certain instances. In *Thomas v. Thomas,* No. W1999-00284-COA-R3-CV, 2000 WL 33191358 (Tenn. Ct. App. 2000) (*no perm. app. filed*), a trial court in a divorce action failed to classify property which was eventually awarded to the wife as alimony. *Id.* at *8. In rejecting the defendant's argument that the case should be remanded, this Court concluded that the trial court's act of awarding the disputed property to the wife as alimony indicated an *implicit classification* of such property as being the husband's separate property. *Id.*

The scenario in the case at bar is almost identical to that in *Thomas*. Here, although Plaintiff argued throughout the divorce proceedings that Defendant's disability settlement constituted marital property, the trial court obviously disagreed and did not grant Plaintiff a share of the settlement in the final division of marital property. Rather, the trial court granted Plaintiff the $17,000 at issue, approximately half the value of the disability settlement, as *alimony*. As a

result, even if these funds did constitute a portion of Defendant's disability settlement, we find that the trial court implicitly classified and treated such funds as Defendant's separate property. Furthermore, we find that the trial court did not abuse its discretion in considering these separate funds in calculating the amount of alimony to award Plaintiff under § 36-5-101 of the Tennessee Code, which states that trial courts may consider the separate property of the advantaged spouse in calculating alimony support. *See also Gragg v. Gragg,* 12 S.W.3d 412, 419 (Tenn. 2000) (holding that courts may consider separate property of a spouse, including disability benefits, in calculating alimony and child support obligations). We find these issues to be without merit.

**Garnishment**

In his final argument to this Court, Defendant asserts that the trial court erred in awarding the $17,000 at issue to Plaintiff as alimony because his social security benefits were exempt from garnishment under Tenn. Code Ann. § 26-2-111(1)(A), which states:

> the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:
>     (1) The debtor's right to receive:
>     (A) A social security benefit, unemployment compensation, a Families First program benefit or a local public assistance benefit.

Tenn. Code Ann. § 26-2-111(1)(A)(2000). Defendant also relies on the decision in *Coke v. Coke*, 560 S.W.2d 631 (Tenn. Ct. App. 1977), whereby this Court strictly construed former Tennessee statute 26-206, now 26-2-105(a), as prohibiting attachment, execution, or garnishment of any funds received by a Tennessee resident as a pension from the State of Tennessee. We do not find Defendant's argument persuasive in this case for two reasons.

First, after reviewing the record in this case, we find no evidence of garnishment of Defendant's lump sum disability settlement. This Court has long defined a garnishment as "a proceeding whereby the plaintiff seeks to subject to his claim property of the defendant in the hands of a third person or money owed by such third person to defendant." *Stonecipher v. Knoxville Sav. & Loan Assoc.*, 298 S.W.2d 785, 787 (Tenn. Ct. App. 1956). In the case at bar, the trial court order did not specifically attach any funds owed to the Defendant by Social Security. Rather, Defendant testified that he had already received and disposed of the disability settlement before the trial court ordered payment of the $17,000 to the Clerk and Master. Defendant further admitted to the trial court that the $17,000 paid to the Clerk and Master actually came from a loan taken out on his behalf from his credit union. As a result, we find no garnishment of Defendant's disability settlement in this case and again affirm the trial court.

The second reason we find Defendant's garnishment argument unpersuasive is because, even had a garnishment occurred, neither Tenn. Code Ann. § 26-2-111(1)(A) nor the decision in *Coke* provide any protection to Defendant in this case. This Court has previously addressed the

current effect of the *Coke* decision and § 26-2-111(1)(A) on garnishment proceedings involving social security disability benefits in *State v. Tolliver,* No. 03A01-9701-JV-00041, 1997 WL 367200 (Tenn. Ct. App. 1997) (*no perm. app. filed*). In *Tolliver,* the defendant appealed after the trial court approved the garnishment of his social security disability benefits in order to satisfy child support obligations. *Id.* at *1. Incidentally, the *Tolliver* defendant asserted the exact same arguments made in the case at bar–*i.e.*–that his social security disability benefits were protected from garnishment under both Tenn. Code Ann. § 26-2-111(1)(A) and the decision of this Court in *Coke. Id.* at *1-2. However, in ruling against the defendant, this Court found that

> [s]ince the *Coke* decision was rendered, the General Assembly has made numerous statutory amendments which have overturned the *Coke* ruling and given priority to the payment of alimony and child support obligations. This statutory scheme reflects a public policy approach taken by the majority of states, which have held that statutes exempting property from legal process in enforcement of a claim are not applicable to claims for alimony and child support. (Citations omitted.) These cases have reasoned that the purpose behind such exemptions is to preserve a means of support for the debtor's family. (Citation omitted.) It "should not be a device to relieve the workman from his obligation to support his wife and family."

*Id.* at *2 (quoting *Meadows v. Meadows*, 619 P.2d 598, 600 (Okla. 1980)). Based upon this reasoning, this Court concluded in *Tolliver* that § 26-2-111(1)(A) "does not exempt . . . social security disability benefits from garnishment for the purpose of paying child support." Likewise in this case, we also find that neither § 26-2-111(1)(A) nor the decision in *Coke* provides any protection to Defendant against garnishment of his disability benefits for the purposes of paying court ordered alimony. We find this issue to be without merit.

### Conclusion

For the reasons stated above, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Dempsey Ausley, and his surety.

_____
DAVID R. FARMER, JUDGE